# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 36139

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent, | ) | Boise, December 2009 Term |
| | ) | |
| v. | ) | 2009 Opinion No. 153 |
| | ) | |
| BRIAN C. COBLER, | ) | Filed: December 29, 2009 |
| | ) | |
| Defendant-Appellant. | ) | Stephen W. Kenyon, Clerk |
| _____ | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Judgment of conviction and sentence affirmed; order denying ICR 35 motion affirmed; order denying motion to modify protection order vacated and the case remanded.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Sarah E. Tompkins argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

J. JONES, Justice.

Brian C. Cobler appeals from the judgment of conviction and sentence entered upon his guilty plea to sexual battery of a minor, sixteen or seventeen years of age. He challenges the sentence, the denial of his Idaho Criminal Rule 35 motion for reduction of the sentence, and the order denying his motion to modify a no contact order that prohibited contact with any minors. The order denying the motion to modify the no contact order is vacated and the case is remanded for further proceedings on that issue.

## I.

In 2006, Brian C. Cobler pleaded guilty to one count of sexual battery of a minor, sixteen or seventeen years of age, based on charges that Cobler and his wife had maintained a sexual relationship with a seventeen-year-old girl, J.M. At his initial appearance, the magistrate judge

entered a no contact order prohibiting Cobler from contacting J.M. and all minors until dismissal of the case, effectively precluding Cobler from having any contact with his three minor children. Following his guilty plea, the district court sentenced Cobler to a unified sentence of ten years, with two years fixed.

Cobler subsequently filed a pro se Rule 35 motion for reduction of his sentence and a motion to modify the no contact order to allow him to have contact with his children. Both motions were denied by the district court. On appeal, Cobler argued that the no contact order violated his fundamental rights as a parent; that the district court's denial of his motion to modify the no contact order violated his due process rights; that the district court abused its discretion in denying the motion; that Idaho Code section 18-920, Idaho Criminal Rule 46.2, and the specific terms of the no contact order were unconstitutionally vague and overbroad; and that the district court abused its discretion by imposing an excessive sentence and by denying his Rule 35 motion. The Idaho Court of Appeals determined that Cobler's sentence was not excessive, but determined that the no contact order violated Cobler's fundamental rights as a parent and remanded the case for an evidentiary hearing. The State then requested, and we granted, review of all issues on appeal.

## II. The No Contact Order

While Cobler makes a multi-pronged attack on the order denying his motion to modify the no contact order, including that the court abused its discretion in denying the motion, we need only address the abuse of discretion claim. The decision whether to modify a no contact order is within the sound discretion of the district court. The test for determining whether a district court abused its discretion is: (1) whether the court correctly perceived that the issue was one of discretion; (2) whether the court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether it reached its decision by an exercise of reason. *Sun Valley Shopping Center Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

The no contact order was entered against Cobler at his initial appearance, prohibiting him from having contact with J.M. and "all minors." The order stated that it could "be modified only by a judge and will expire . . . upon dismissal of this case." On appeal, Cobler contends that the no contact order was invalid from the outset, being overly broad. We decline to consider this issue because Cobler failed to raise it below. It might be observed, however, that the magistrate

judge cannot be faulted for prohibiting contact with all minors at the outset of this matter. Cobler was charged with a felony sex offense against a minor. The State requested a no contact order with the victim or any minor child "until the risk can be assessed." That was not an unreasonable request and it was not unreasonable for the magistrate judge to respond with such an order. The problem arises because the order remained in effect long after there was an opportunity to assess the risk, in particular the risk that Cobler may or may not pose with regard to having contact with his children.

On October 12, 2007, Cobler filed a pro se motion seeking to modify the no contact order to remove his children from its coverage. On October 25, 2007, the court entered an order styled "Second Memorandum Decision Re Defendant's Motion for Reduction of Sentence Pursuant to I.C.R. 35." The order apparently dealt with reconsideration of a Rule 35 motion Cobler had previously submitted in order to obtain a reduction of his sentence, as well as the motion to modify the no contact order. With regard to the latter motion, the order stated:

> "A No Contact Order was issued regarding Brian Cobler on October 17, 2006, that included all minor children. That order was to remain in effect until dismissal of the case.
>
> THEREFORE, the Court will decline to reduce or amend the sentence in this case."

While the district judge mentioned the motion to modify the no contact order, it is not clear from the October 25 order whether the judge intended to specifically deny the motion. In any event, the initial motion to modify the no contact order appears to have been denied by the court on December 12, 2007, as indicated by a notation written by the district judge on the face of the motion on that date. On that same date, the district judge also denied a pro se motion Cobler had filed on November 23, seeking reconsideration. The denial was indicated by a notation written by the district judge on the face of the motion on December 12.

Nothing in the court orders pertaining to Cobler's motions to modify or reconsider the no contact order indicates the grounds upon which the district court denied the motions other than the observation that the order was to remain in effect until dismissal of the case. Such observation does not provide legal grounds for denial of the motion to modify. Indeed, the observation overlooks the fact that Idaho Criminal Rule 46.2 requires an expiration date on all no contact orders. While the district court did not have the benefit of our decision in *State v. Castro*,

3

145 Idaho 173, 177 P.3d 38 (2008), at the time the motion was denied, in that case we disapproved of no contact orders with "eternal existence" and indicated that all no contact orders issued after July 1, 2004, should have termination dates, regardless of whether a motion to modify or terminate the no contact order is granted. *Id.* at 175-76, 177 P.3d at 389-90. The district court should have observed that, without a termination date, the no contact order would, unless modified, have perpetual existence because, based upon the disposition of the case, it would never be dismissed.[1]

Thus, the district court abused its discretion in basing the denial of the order on the apparent ground that the order was to remain in effect until the dismissal of the case. The court neither acted consistently with the legal standards applicable to the specific choices available to it nor did it reach its decision by an exercise of reason. Thus, we vacate the order or orders denying the motion to modify the no contact order and remand for further proceedings relative to that issue. Based on this disposition, we need not reach the other grounds upon which Cobler challenges the no contact order or the denial of his motion to modify the same.

### III. Cobler's Sentence

Cobler argues that the district court abused its discretion by imposing a sentence of ten years, with two years fixed, and by denying his Rule 35 motion, because he claims he is no longer a threat to society and because he believes his crime was influenced by neglect he suffered as a child. However, Cobler's claims are without merit. This Court reviews a defendant's sentence under an abuse of discretion standard. *State v. Stevens*, 146 Idaho 139, 148, 191 P.3d 217, 226 (2008). A defendant must show that a sentence within the statutory limits is a clear abuse of discretion. *Id*. "In examining the reasonableness of a sentence, the Court conducts an independent review of the entire record available to the trial court at sentencing, focusing on the objectives of criminal punishment: (1) protection of society; (2) deterrence of the individual and the public; (3) possibility of rehabilitation; and (4) punishment or retribution for wrongdoing." *Id.* To be reasonable, a term of confinement must be tailored to the purpose for

---

[1] The problem in this case may have arisen by virtue of the form utilized by the magistrate court when the no contact order was entered. The form states:

THIS ORDER CAN BE MODIFIED ONLY BY A JUDGE AND WILL EXPIRE:

☐ at 11:59 p.m. on _____ or ☐ upon dismissal of this case.



The form seems to give the judge one of two choices. However, in order to comply with the intent of I.C.R. 46.2, the judge should be given no right of selection between the two apparent choices. The second line of the form should contain no boxes and should read "at 11:59 p.m. on _____, or upon dismissal of this case, whichever first occurs.

which the sentence is imposed. *Id*. "In deference to the trial judge, this Court will not substitute its view of a reasonable sentence where reasonable minds might differ. To show an abuse of discretion, the defendant must show that the sentence, in light of the governing criteria, is excessive under any reasonable view of the facts." *Id*. at 148–49, 191 P.3d at 226–27.

The district court did not abuse its discretion by sentencing Cobler to ten years with two years fixed. The district court explained the reasons it believed Cobler's sentence was necessary. It analyzed the nature of Cobler's crime, noting that Cobler took advantage of a "vulnerable underage woman." It also noted that the minor will likely suffer significantly in the future from Cobler's actions. The court recognized the age difference between the defendant (thirty-seven) and the minor (seventeen), and commented on Cobler's prior sexual relationships with underage women. It recognized that Cobler was a moderate risk of reoffending, that he had a propensity towards impulsive behaviors, and that he did not take responsibility for his actions. The court considered mitigating circumstances argued by Cobler, and came to the conclusion that a ten year sentence, with two years fixed, was appropriate. The district court's sentence was reasonable under the facts of the case. Therefore, this Court finds that the district court did not abuse its discretion in imposing Cobler's sentence.

Additionally, the district court did not abuse its discretion by denying Cobler's Rule 35 motion. A district court's denial of a Rule 35 motion is subject to abuse of discretion review. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006). "If the sentence was not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with the motion for reduction." *Id*. at 320, 144 P.3d at 25. Cobler claims he has new evidence in the form of honest remorse and good behavior while in prison. However, at the sentencing hearing, Cobler expressed remorse for his crime; the district court simply did not find it to be sincere. This is a credibility determination within the province of the district court, and Cobler has presented no new information to show that the court abused its discretion. Furthermore, prison behavior is not the type of new or additional information that will support a Rule 35 motion, as it could not serve as an underlying basis for Cobler's sentence. Therefore, the district court did not abuse its discretion in denying Cobler's Rule 35 motion.

## IV.

We affirm the judgment of conviction and sentence, as well as the district court's denial of Cobler's Rule 35 motion. Because the district court abused its discretion in denying Cobler's

motion to modify the no contact order, we vacate the district court's denial of that motion and remand the case for proceedings consistent with this opinion.[2]

Chief Justice EISMANN, and Justices BURDICK, W. JONES and HORTON CONCUR.

---

[2] In his motion to modify the no contact order, Cobler noted that the Idaho Department of Health & Welfare had instituted proceedings to terminate his parental relationship with his children. Mention of termination proceedings was made in the briefing and at oral argument, but counsel for neither party was aware of the disposition, if any, of such proceedings. This is a matter that should be examined upon remand in order to determine whether the issue of modification of the no contact order remains viable or whether it is moot.