**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38633**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | 2012 Unpublished Opinion No. 636 |
| Plaintiff-Respondent, | ) | |
| | ) | Filed: September 17, 2012 |
| v. | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| BILLY RANCIE OLDHAM, JR., | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| Defendant-Appellant. | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Order denying motion to terminate no-contact order, affirmed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

PERRY, Judge Pro Tem

Billy Rancie Oldham, Jr. appeals from the district court's order denying his motion to terminate a no-contact order. For the reasons given below, we affirm.

**I.**

**FACTS AND PROCEDURE**

The district court issued a no-contact order (NCO) against Oldham on January 21, 2009, after Oldham pled guilty to first degree arson. The NCO prohibited Oldham from having contact with his then wife, Sabre Oldham, for a period of one year, until January 21, 2010. The order was issued to protect Ms. Oldham as the alleged victim of the arson case.

In June 2009, Oldham filed a motion to modify the NCO to allow him to have telephone contact with his minor children pursuant to the decree of divorce between himself and Ms. Oldham. Oldham's counsel requested that the district court either dismiss the NCO or modify it

1

to allow Oldham to have incidental contact with Ms. Oldham for the purpose of making a weekly telephone call to his minor children whom she had full custody of.

Following a hearing on his motion, the district court granted the request for modification, allowing Oldham to place telephone calls to Ms. Oldham to talk with the children. The district court also extended the NCO's duration to December 15, 2023.

In February 2011, Oldham filed a motion to terminate the NCO. The State filed a written objection, and the district court denied the motion. The district court reasoned:

> The court perceives the issue as a matter of discretion. The court exercises that discretion within the bounds provided by the following legal authority. Idaho Code § 18-920(1) provides: "When a person is charged with or convicted of an offense . . . for which a court finds that a no contact order is appropriate, an order forbidding contact with another person may be issued."
>
> In its discretion, the court imposed the No Contact Order in this case because the court found that such an order was appropriate and necessary to protect Ms. Oldham. There is nothing in the Defendant's Motion that now persuades the court that the No Contact Order should be modified or terminated.

Oldham appealed.

## II.

## STANDARD OF REVIEW

A district court's decision concerning whether to modify a NCO is reviewed under an abuse of discretion standard. *State v. Cobler*, 148 Idaho 769, 771, 229 P.3d 374, 376 (2010). The standard for considering whether the lower court abused its discretion is: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *Cobler*, 148 Idaho at 771, 229 P.3d at 376; *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

## III.

## ANALYSIS

Although Oldham concedes that modification or termination of a NCO is a discretionary matter, he contends the district court did not act within the boundaries of such discretion or reach

its decision through an exercise of reason when it denied his motion to terminate the NCO. In his motion to terminate the NCO, Oldham stated:

> I request the pending N.C.O. between Sabre M. Oldham and myself Billy R. Oldham Jr [sic] be terminated. The courts wrongfuly [sic] placed the N.C.O. between the above listed peaple [sic]. The courts faulsely [sic] claim Sabre Oldham was a witness [and] or victim. The courts [sic] statement is simply false! The defendant had already plead [sic] guilty to Arson without trial so there were no witness's [sic] and Sabre Oldham already notified [the] prosecution she had lied and was not a victim of domestic Battery and the charge was dropped so there was no victim. In Mrs. Oldham['s] request for the N.C.O. the reason was because they claim the defendent [sic] kept calling to try to talk too [sic] Sabre or the children. They did not claim any threats of violance [sic] were made or any verbal disrespect took place. The defendent [sic] proved he had not called and the courts abused there [sic] discreation [sic].

First, Oldham's arguments raised above, concerning the appropriateness of the NCO, could have been raised at the time the original NCO was entered on January 21, 2009, or when that order was later modified at Oldham's request. However, Oldham opted not to appeal the initial order or the subsequent modified order on these grounds. Oldham now attempts to relitigate the original issuance of the NCO and have this Court review it in this appeal. We decline to do so.

Concerning the district court's denial of Oldham's latest motion, there is no evidence that the district court acted outside the bounds of its discretion in declining to terminate the NCO. Under Idaho Code § 18-920, a NCO must be considered "appropriate" before it will be issued. Based on the evidence presented to the district court prior to the issuance of the original NCO, the court found the NCO was necessary for the protection of Sabre Oldham. Oldham has failed to establish that the circumstances have so substantially changed that the NCO is no longer appropriate.

Oldham further argues that the district court did not exercise reason when it declined to terminate the NCO because Oldham has complied with the limitations imposed by the order. Oldham states he has never violated or attempted to violate the NCO. Continued compliance with the NCO is not evidence that the court abused its discretion in refusing to terminate the order. Rather, Oldham's adherence to the NCO demonstrates the sustained success of the order.

Thus, Oldham has failed to demonstrate that the district court abused its discretion when it denied his motion to terminate the NCO. Accordingly, the district court's order denying Oldham's motion to terminate the no-contact order is affirmed.

Chief Judge GRATTON and Judge LANSING **CONCUR.**