# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 39526/40237

| | |
|---|---|
| STATE OF IDAHO, | 2013 Unpublished Opinion No. 661 |
| Plaintiff-Respondent, | Filed: September 5, 2013 |
| v. | Stephen W. Kenyon, Clerk |
| CHARLES ALLEN VAUGHN, JR., | THIS IS AN UNPUBLISHED |
| Defendant-Appellant. | OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Orders denying motion to modify no-contact order and motion to reduce sentence, affirmed.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah A. Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

In consolidated appeals, Charles Allen Vaughn, Jr., challenges the district court's denial of his motion to modify a no-contact order and his motion for reduction of his sentence. We affirm.

## I.

## BACKGROUND

The issues presented in the current appeal originate from a domestic battery Vaughn committed against his wife, T.V. The 911 call from T.V. recorded most of the confrontation. During the episode, Vaughn pushed T.V. onto the bed and strangled her. As T.V. struggled, Vaughn grabbed her by the hair and hit her in the face. When T.V.'s eight-year-old son tried to help her, Vaughn dragged him by the neck and arm and threw him onto the bed also. Vaughn then picked up a pillowcase and told the boy, "I'm going to kill you." During the altercation,

1

Vaughn accused T.V. of sleeping around and using drugs. Throughout the recording, children can be heard screaming and crying in the background. Responding officers not only saw evidence of injury on both T.V. and her son, but also found Oxycontin and methamphetamine at the home.

Vaughn was charged with attempted strangulation, Idaho Code § 18-923; domestic violence in the presence of children, I.C. §§ 18-903, 18-918; and two counts of possession of a controlled substance, I.C. § 37-2732(c)(1). The information was later amended to add misdemeanor injury to a child, I.C. § 18-1501(2), and resisting and obstructing officers, I.C. § 18-705. A no-contact order (NCO) was issued prohibiting Vaughn from contacting his children or T.V. In spite of the NCO, Vaughn was adamant about getting in touch with T.V. and his children. In a telephone conversation, Vaughn asked his parents to persuade T.V. not to testify at trial. He also sent letters to his parents to be forwarded to T.V. He sent letters to T.V.'s address "C/O Charles Vaughn," and contacted the family members of other inmates, asking them to "keep an eye on" T.V. He even contacted a sixteen-year-old girl from T.V.'s neighborhood, seeking to have her spy on T.V. and the children.

Eventually, a plea agreement was reached whereby Vaughn agreed to plead guilty to domestic battery in the presence of children, and the State agreed not to pursue a charge of witness intimidation and to dismiss the drug possession charges and charges for attempted strangulation, resisting and obstructing officers, and injury to children.

The court ordered mental health and domestic violence evaluations. The mental health assessment found that Vaughn had anger problems and was mad that he could not get back with his wife. The mental health assessment also found that Vaughn was polysubstance dependent and had a depressive disorder and a personality disorder with antisocial and histrionic features. Vaughn was assessed as a moderate to high risk to reoffend.

The domestic violence evaluation found that Vaughn was impulsive and lacked control over his aggressive impulses. It noted that he superficially expressed remorse but appeared to be "more focused on gaining positive recommendations rather than experiencing remorse about the . . . violence toward his wife and his children." The assessment also noted that Vaughn minimized his violence toward his entire family in the current incident as well as his past violence, and that "Vaughn's profile suggests that he is an extremely high risk for domestic violence as well as for violence towards members of the community at large."

2

On December 30, 2009, Vaughn was sentenced to a twenty-year term of imprisonment with five years fixed. On the same date, the court entered a new NCO prohibiting Vaughn from any contact with T.V. or with certain of his children and stepchildren until December 30, 2029. The court also noted that the NCO's protection of Vaughn's biological daughter was necessary because he had made specific threats against her.

In July 2010, Vaughn filed a pro se motion to modify the NCO to allow contact with his children and stepchildren through letters and telephone calls. The court denied the motion. On September 14, 2011, Vaughn filed a second motion to modify the NCO to allow written and telephone contact with his daughter, W.V. The court again denied the motion.

On November 7, 2011, Vaughn filed a third motion to modify the NCO to allow limited contact with W.V. In his supporting affidavit, Vaughn argued that disallowance of any contact with W.V. was not in her best interest, and would interfere with his ability to communicate with family members with whom W.V. then resided. Vaughn attached copies of coursework he had done while incarcerated to show his therapeutic progress. At the motion hearing, the court recounted the facts of the case, as well as Vaughn's history of prior batteries, domestic violence, and violations of NCOs. The court also reviewed information from Vaughn's prior mental health assessment and domestic violence evaluation which found him to be a high risk for violence and lacking empathy for others, and the court also noted that he had a record of poor behavior while incarcerated in this case, including violations of the NCOs. The court then denied the motion to modify the NCO.

Vaughn also filed a motion under Idaho Criminal Rule 35 for a reduction of sentence. He supported it with numerous letters attesting to his good character. The court denied the Rule 35 motion.

Vaughn appeals from the denial of his two final motions to modify the NCO and the denial of his Rule 35 motion. These appeals have been consolidated.

## II.

## ANALYSIS

### A. Modification of the No-Contact Order

Vaughn argues that the district court erred in denying his motions to modify the NCO because the court misunderstood the record before it, failed to recognize that modification was in his daughter's best interest, and failed to recognize Vaughn's fundamental right as a parent.

However, we take judicial notice that, during the pendency of this appeal, Vaughn's parental rights as to W.V. were terminated by a magistrate court's decree that was affirmed by this Court on appeal. *Dep't of Health & Welfare v. Doe*, Docket No. 40786 (Ct. App. July 26, 2013) (unpublished).[1]  The termination of Vaughn's parental rights renders his second and third arguments moot.  Thus, we need only address whether the district court erred by misunderstanding the record before it.

A district court's decision concerning whether to modify a NCO is reviewed under an abuse of discretion standard. *State v. Cobler*, 148 Idaho 769, 771, 229 P.3d 374, 376 (2010). The standard for considering whether the lower court abused its discretion is:  (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *Id.*; *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Vaughn's current argument stems from two statements made by the district court at the motion hearing.  Vaughn argues that these statements show that the district court fundamentally misunderstood the record before it.  We disagree.

At that hearing, after hearing counsel's arguments, the court recounted from memory the facts of the case.  It stated that, in the court's recollection, "[Vaughn's daughter] was a victim and [Vaughn], in fact, threatened to kill [her]," and that Vaughn had "a long history of violence against intimate partners."  The district court soon realized, however, that it had misspoken about the victim being Vaughn's daughter, and corrected its error.  Further, the court reiterated the facts of the case at length.  This is clearly reflected in the transcript.

> THE COURT:  Just a second.
> . . . .
> I'm going to--because you're not familiar with the case, the facts in this case are particularly disturbing.  On June 25th, 2009, in the early morning hours officer responded to a domestic violence report.  The 911 call was recorded and this court listened to it as part of the sentencing.
> Vaughn pushed his wife down on the bed and began strangling her with his hands. He grabbed her by the hair, hit her in the head with a closed fist.  He continued to strangle her.

---

[1]     Pursuant to Idaho Rule of Evidence 201, this Court may take judicial notice of records from another court case.

4

His eight-year-old son saw the fight and came to his mother's aid. Vaughn dragged his son by the arm and the back of the neck and threw him on the bed. He picked up a pillowcase and told his son--and a lot of this can be heard on the tape--"I'm going to f---ing kill you." Officers observed swelling--this is to his son. Officers observed swelling over Vaughn's wife's eyes, marks on her neck and later a bruise on her left thigh. Vaughn's son had some reddened areas around the front of his neck and a deep red spot under his right ear. Much of the confrontation could clearly be heard on the 911 call.

Vaughn's contention that the district court misrepresented the facts when it stated that Vaughn had a long history of domestic violence is also without merit. Vaughn's PSI shows that he was charged with misdemeanor domestic battery in Florida in July 2002 and again in July 2007. Apparently, neither charge was pursued by the Florida prosecutor, but the arrests remain a record of allegations of domestic violence. Further, Vaughn's children and stepchildren related to police that he had been violent with T.V. in the past. Information in the PSI indicated that T.V. moved with the children from Florida to Idaho to get away from Vaughn due to his violence. Contrary to the implication in Vaughn's argument on appeal, the district court did not state that he had a history of domestic violence convictions. Rather, the court said that he "has a long history of violence against intimate partners." Information in the record supports that assessment. To the extent that Vaughn felt that the court misunderstood those domestic violence reports, he was present in court, as was his attorney, and had the opportunity to bring any inaccuracy to the court's attention then. The record does not indicate Vaughn did so. On appeal, we will not second-guess a factual determination of the trial court which is supported by substantial and competent evidence. Contrary to Vaughn's argument, the record does not indicate that the district court misunderstood the record.

Further, after reviewing the record we conclude that there was not an abuse of discretion. In addition to Vaughn's history of violence, there was information that he had threatened to kill his children. He had sent a letter to his parents indicating that if released from incarceration he might take W.V. and run away, and he violated the NCOs while incarcerated on numerous occasions. The domestic violence evaluation indicated that he had "rage reactions" directed against his intimate partner and children and a long history of impulsivity and lack of control over aggressive impulses. On this record, the district court plainly did not abuse its discretion in denying Vaughn's motion for modification of the NCO to allow written and telephone communications with W.V.

5

**B.     Rule 35 Motion**

Vaughn next argues that the court erred in denying his Rule 35 motion to reduce his unified twenty-year sentence with five years determinate.  A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989).  In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion.  *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).  In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence.  *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984).  Upon review of the record, we conclude no abuse of discretion has been shown.

## III.

## CONCLUSION

The district court did not abuse its discretion either in denying Vaughn's motion to modify the NCO or in denying Vaughn's Rule 35 motion.  Accordingly, the respective orders of the district court are affirmed.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**