## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 41820

| | |
|---|---|
| STATE OF IDAHO, | ) 2015 Unpublished Opinion No. 301 |
| | ) |
| Plaintiff-Respondent, | ) Filed:  January 5, 2015 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| BILLY RACINE OLDHAM, JR., | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County.  Hon. Michael R. Crabtree, District Judge.

Order denying motion to modify no-contact order, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

After Billy Racine Oldham, Jr. pleaded guilty to arson in violation of Idaho Code § 18-802, the district court entered a no-contact order (NCO) protecting his ex-wife.  Oldham filed a motion to modify the NCO to allow him to contact his ex-wife regarding their children, but the motion was denied by the district court.  Oldham appeals.

### I.

### BACKGROUND

This Court set forth the underlying facts of this case in two prior appeals.  In *State v. Oldham*, Docket No. 36118 (Ct. App. May 27, 2010) (unpublished) we stated:

> Oldham was charged with first degree arson, Idaho Code § 18-802, with a sentence enhancement for being a persistent violator, I.C. § 19-2514.  In a related but separate case, Oldham had previously been charged with attempted

1

strangulation, I.C. § 18-923. The two cases were consolidated for trial. It was alleged that Oldham assaulted his wife by choking her with his hands during an argument and, after his wife took the couple's children and left their residence, that Oldham set his own house afire using gasoline as an accelerant. Oldham initially pleaded not guilty to all charges, but later pleaded guilty to the arson charge under a plea agreement. In exchange, the State stipulated to dismiss the strangulation charge and the enhancement, and further agreed not to pursue any charges against Oldham's wife for criminal conduct she had revealed to the police during the investigations of the crimes.

The district court imposed a unified sentence of fifteen years with five years determinate and granted 388 days' credit for time served.

In that appeal, we held that Oldham failed to show "any constitutional infirmity in his plea" or any abuse of discretion relating to his sentence.

Thereafter, in *State v. Oldham*, Docket No. 38633 (Ct. App. Sept. 17, 2012) (unpublished), this Court considered Oldham's appeal from the denial of his motion to modify the NCO. In that case, we set forth the facts relating to that order:

The district court issued a no-contact order (NCO) against Oldham on January 21, 2009, after Oldham pled guilty to first degree arson. The NCO prohibited Oldham from having contact with his then wife, Sabre Oldham, for a period of one year, until January 21, 2010. The order was issued to protect Ms. Oldham as the alleged victim of the arson case.

In June 2009, Oldham filed a motion to modify the NCO to allow him to have telephone contact with his minor children pursuant to the decree of divorce between himself and Ms. Oldham. Oldham's counsel requested that the district court either dismiss the NCO or modify it to allow Oldham to have incidental contact with Ms. Oldham for the purpose of making a weekly telephone call to his minor children whom she had full custody of.

Following a hearing on his motion, the district court granted the request for modification, allowing Oldham to place telephone calls to Ms. Oldham to talk with the children. The district court also extended the NCO's duration to December 15, 2023.

In that appeal, Oldham argued that the district court erred by entering the NCO in the first place. He argued that his wife was not within the classes protected by the statutes governing NCOs. He argued that she was not a victim because the battery charge had been dismissed as part of his plea agreement and argued that she was not a witness because the case never proceeded to trial. We held that Oldham was not permitted to raise those issues in that appeal because both issues could have been raised in the district court and on appeal in 2009 when the order was entered, or

2

later when he first requested that it be modified. On that basis, the court affirmed an order denying Oldham's motion to terminate the NCO.

As modified, the NCO permits Oldham to contact his ex-wife "solely for the purpose of telephone conversation with Defendant's minor children, as provided in Cassia County divorce case CV-08-815." In 2014, Oldham filed a successive motion to modify the NCO, seeking permission to contact his ex-wife to speak with her regarding their children. He also argued that the court erred by extending the NCO in 2009, because neither party requested an extension.[1] The State objected to the motion to modify[2] and the district court denied the motion, holding that there was no "substantial change in circumstances" that would warrant a modification of the NCO. Oldham timely appealed.

## II.

## ANALYSIS

Oldham argues that the court erred by failing to properly exercise its discretion and contends that the NCO is no longer appropriate. First, he argues that his good conduct, i.e., not violating the NCO for a period of five years, is a change in circumstances.[3] Second, he argues that the court's decision frustrates his ability to interact with his children and guide their upbringing.

Recently, the Idaho Supreme Court set forth the standard of review applicable to a motion to modify an NCO:

> The decision whether to modify a no contact order is within the sound discretion of the district court. The test for determining whether a district court abused its discretion is: (1) whether the court correctly perceived that the issue was one of discretion; (2) whether the court acted within the outer boundaries of its discretion

---

[1] That issue is not raised on appeal.

[2] The State objected by hand writing the words "[t]he State objects to this motion" on its copy of the motion and filing that document with the district court. Because this was not raised as an issue on appeal, we are given no occasion to decide whether this is a proper means of responding to a motion.

[3] There is no actual evidence that Oldham has not violated the NCO. Instead, Oldham infers this fact from the fact that the district court did not mention any violations of the NCO in its order. This inference is not particularly persuasive given the contents of certain letters, as described at the hearing, in which Oldham attempted to make impermissible contact with his ex-wife under the ruse of sending letters to his children.

3

and consistently with the legal standards applicable to the specific choices available to it; and (3) whether it reached its decision by an exercise of reason.

*State v. Cobler*, 148 Idaho 769, 771, 229 P.3d 374, 376 (2010). Here, the district court reasoned that neither of the issues Oldham presented warranted any change to its prior analysis. Accordingly, we look to the court's prior analysis and also at the alleged change in circumstances.

When addressing the first motion to modify the NCO, the court considered the terms of the divorce decree and permitted contact consistent with that divorce decree. In that case, because the decree authorized contact between Oldham and his children, the court modified the NCO to facilitate that contact. Conversely, in this case, the decree tends to show that further modification was unnecessary. The divorce decree grants sole legal and physical custody of the children to Oldham's ex-wife. In *Mahnami v. Mahnami*, 156 Idaho 338, 343, 325 P.3d 679, 684 (Ct. App. 2014), this Court discussed the differences between joint legal custody and sole legal custody and reasoned that sole custody amounts to "unilateral authority." Likewise, in *Silva v. Silva*, 142 Idaho 900, 907, 136 P.3d 371, 378 (Ct. App. 2006), we held that sole legal custody conveys unilateral "decision-making rights, responsibilities, and authority." Thus, our record shows that Oldham's ex-wife enjoys the discretion to make parenting decisions without Oldham's input or in direct contravention of it. Accordingly, Oldham has failed to show that a modification is necessary to advance his interest in parenting his children.

Moreover, like the district court, we do not conclude that any change in circumstances warrants a change in the NCO. Oldham's compliance with the NCO, to the extent it has occurred, is not grounds for removing the NCO. Simply put, the mere avoidance of criminal conduct is not so laudable that the court's original judgment concerning Oldham's risk and potential to harass his ex-wife has been rendered suspect.

For all these reasons, we affirm the order of the district court denying the motion to modify the NCO.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR.**

4