**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 42768**

| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 328 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 15, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHARLES E. HANSEN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order denying motion to terminate no-contact provision, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Charles E. Hansen appeals from the district court's denial of his motion to terminate the no-contact provision limiting contact between him and his son, arguing that the district court abused its discretion. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Hansen pleaded guilty to felony injury to a child for his failure to protect his daughter, B.H., from repeated sexual abuse by his son, D.H., despite a juvenile court-ordered sex offender safety plan. The district court ultimately placed Hansen on probation, subject to certain special conditions. Special condition 3(n) stated, "You must have no contact with any minor children, including your own minor children, until further order of this Court which will be considered after you have begun the individual counselling."

1

During his probation, Hansen has periodically moved the district court to amend the terms and conditions of probation regarding contact with D.H. and B.H. As a result, the district court has incrementally allowed Hansen to have more contact with D.H. and B.H. separately, but has not modified the language prohibiting unsupervised contact between D.H. and B.H. Approximately thirty months into his probation, Hansen filed a motion to amend terms and conditions of probation and terminate the no-contact order. Hansen proposed that the district court amend special condition 3(n) to read as follows: "You may have contact with all minor children but D.H. You are allowed supervised contact with D.H. The no contact order as to B.H. is quashed. You are allowed contact with D.H. per Health and Welfare or Juvenile Court safety plan."

The district court held a hearing on Hansen's motion and heard testimony from several witnesses. Subsequently, the district court authorized Hansen to have contact with unrelated minors at school and family events and other events where other adults are also present. However, the district court also held that Hansen was still not authorized to permit unsupervised contact between D.H. and B.H. Hansen timely appeals.

## II.

## STANDARD OF REVIEW

When a person is charged with or convicted of an offense for which a court finds that a no-contact order is appropriate, an order forbidding contact with another person may be issued. I.C. § 18-920(1). The decision whether to modify a no-contact order is within the sound discretion of the district court. *State v. Cobler*, 148 Idaho 769, 771, 229 P.3d 374, 376 (2010).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

## III.

## ANALYSIS

Hansen argues that the district court abused its discretion by refusing to lift the no-contact provision as it relates to D.H., in light of the information Hansen provided the district court at the

time of the hearing on his motion. Specifically, Hansen argues that the Department of Health and Welfare, the guardian ad litem, and the family's counselor all recommended that the no-contact order should be terminated and the family should be reunified.

At the hearing, the district court acknowledged that Hansen had made significant advances and increased his ability to be a reliable and caring parent. However, the district court also stated that it needed more information because it was still not comfortable with its "understanding of everything that's going on with [D.H.]" and that the issue is "more a whole-picture problem at this stage." Given the abuse that B.H. suffered at the hands of D.H., the district court wanted information to ensure the safety of B.H. before allowing Hansen to have unsupervised contact with both children simultaneously. The record does not appear to contain any more information on D.H., nor does Hansen provide any additional information regarding D.H.'s progress.

Based on the record, we cannot find that the district court abused its discretion. Hansen has not provided any law supporting a claim that the district court did not act consistently with legal standards, nor has Hansen shown that the district court did not reach its decision by an exercise of reason.

**IV.**

**CONCLUSION**

Based on the foregoing, we hold the district court did not abuse its discretion by denying Hansen's motion to terminate the no-contact provision limiting contact between him and D.H.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.