**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44395**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 538** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed:  August 2, 2017** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **LANCE RAYMOND SELLECK,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County.  Hon. Bruce L. Pickett, District Judge.

Order denying dismissal or modification of no contact order, <u>reversed</u> and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Lance Raymond Selleck appeals from the district court's denial of his motion to dismiss or modify a no contact order.  Specifically, Selleck argues the district court erred because its no contact order did not comply with Idaho Criminal Rule 46.2.  For the reasons explained below, we reverse the district court's order denying Selleck's motion to dismiss or modify the no contact order and remand for further proceedings.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Upon Selleck being convicted for felony violation of a no contact order, the district court signed a no contact order prohibiting Selleck from contacting the protected individual.  The order read:  "IT IS HEREBY ORDERED that the defendant shall have no contact with [the protected

1

person's name] for fifty (50) years, thus expiring on April 6, 2066." Selleck filed a motion to dismiss or modify the no contact order, arguing the order did not comply with Idaho Criminal Rule 46.2(a). The district court held a hearing and denied Selleck's motion. Selleck timely appeals from the denial of his motion.

## II.

## ANALYSIS

The decision whether to modify a no contact order is within the sound discretion of the district court. *State v. Cobler*, 148 Idaho 769, 771, 229 P.3d 374, 376 (2010). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Idaho Criminal Rule 46.2(a), as it was written before its recent amendment, governed no contact orders and provided that such orders include the following information:

(1) The case number, defendant's name and protected person's name;
(2) A distance restriction;
(3) That the order will expire at 11:59 p.m. on a specific date, or upon dismissal of the case;
(4) An advisory that:
    (a) A violation of the order may be prosecuted as a separate crime under I.C. § 18-920 for which no bail will be set until an appearance before a judge, and the possible penalties for this crime,
    (b) The no contact order can only be modified by a judge,
    (c) When more than one domestic violence protection order is in place, the most restrictive provision will control any conflicting terms of any other civil or criminal protection order.

Moreover, Rule 46.2 provided the orders "shall be in writing and served on or signed by the defendant."

Here, the no contact order reads: "IT IS HEREBY ORDERED that the defendant shall have no contact with [the protected person's name] for fifty (50) years, thus expiring on April 6, 2066." Selleck contends the district court erred in denying his motion to dismiss or modify the no contact order because the order did not include a distance restriction, a statement that it will expire upon dismissal of the case (as an alternative to the expiration date), or any advisory required by former Rule 46.2(a)(4). Selleck also maintains the no contact order does not comply

2

with the requirement that the order be served on or signed by Selleck. In response, the State challenges Selleck's arguments that the no contact order failed to comply with the requirement that the order will expire upon dismissal of the case or on an expiration date and that violation of the order may be prosecuted as a separate crime. Additionally, the State notes that the district court ruled that Selleck had notice of the no contact order because it was announced in open court in Selleck's presence during his sentencing hearing. However, the State does not contest the no contact order failed to include a distance restriction and the three-part advisory required by former Rule 46.2(a)(4)(a)-(c).

Our review of the no contact order reveals the order indeed lacks a distance restriction and the three-part advisory, as required by former Rule 46.2(a). Moreover, the order does not comply with the amended Rule 46.2(a) that came into effect on July 1, 2017. The current rule provides that "no contact orders issued pursuant to Idaho Code § 18-920 must be on the Supreme Court form found in Appendix A and served on or signed by the defendant."[1] I.C.R. 46.2(a). We therefore remand to the district court with instructions to modify the no contact order in accordance with current Rule 46.2(a).

### III.

### CONCLUSION

The district court erred in issuing a no contact order that failed to comply with the requirements of Rule 46.2(a) as it was written both before and after its recent amendment. Accordingly, we reverse the district court's order denying Selleck's motion to dismiss or modify the no contact order and remand for further proceedings.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.

---

[1] The form in Appendix A requires the following information: the defendant's name, date of birth, gender, and race; the protected person's name; a description of the charge or convicted crime; distance restrictions; and an advisory. I.C.R. 46.2 app. A.