IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 45824

| STATE OF IDAHO, | ) | |
| | ) | Filed: October 22, 2019 |
| Plaintiff-Respondent, | ) | |
| | ) | Karel A. Lehrman, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| BRADLEY RICHARD BOGGS, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order granting motion to modify no-contact order, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Bradley Richard Boggs appeals from the district court's order modifying a no-contact order between Boggs and his son. Boggs argues that the district court abused its discretion by not making a different modification to the no-contact order. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Boggs with aggravated assault and domestic battery, with enhancements for the use of a deadly weapon and being a persistent violator, following an altercation between him and the mother of his child, Amanda. In conjunction with the criminal charges, the district court issued a no-contact order preventing Boggs from having contact with

1

Amanda. Boggs subsequently pled guilty to the aggravated assault and domestic battery charges and the State agreed to dismiss the enhancements. The district court subsequently modified the no-contact order to include Amanda's children, J.W. and I.W.[1] The State later moved for the no-contact order to be included as part of Boggs' judgment of conviction and sentence after which the district court issued another no-contact order. That no-contact order included Amanda, J.W., and I.W. With respect to J.W., the district court limited contact to written communication through Boggs' public defender.

Approximately nine months later, Boggs filed a motion to modify the no-contact order "to allow him to have telephone contact with his child." However, at the hearing on his motion, Boggs asked the district court to modify the no-contact order to allow for direct written or telephone communication with J.W. without going through the public defender's office. The district court granted Boggs' request and modified the no-contact order to allow for written contact with J.W. through the victim witness coordinator at the prosecuting attorney's office. Boggs appeals.

## II.

## STANDARD OF REVIEW

A district court's decision to deny a motion to modify a no-contact order is reviewed under an abuse of discretion standard. *State v. Cobler*, 148 Idaho 769, 771, 229 P.3d 374, 376 (2010). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Boggs argues that the district court did not exercise reason in granting his motion to modify the no-contact order because the district court did not explain why it chose written

---

[1] Although Boggs indicated he considered I.W. to be his stepson, only J.W. is Boggs' biological son.

contact over telephone contact. The State responds that Boggs' complaint regarding telephone contact is not preserved. Alternatively, the State asserts that Boggs has failed to show the district court abused its discretion. Boggs replies that the State's preservation argument "conflates the issue on appeal with appellate advocacy" and would "limit appellate counsel to the very words argued by trial counsel." We hold that Boggs' challenge to the modified no-contact order fails whether it is framed in terms of preservation or the failure to show the district abused its discretion by choosing written contact when presented with a request for written *or* telephone communication.

Although Boggs' written motion to modify the no-contact order requested telephone contact, at the hearing on the motion, Boggs argued: "The modification that we request is that the court allow" Boggs "to have direct *written or telephone communication* with [J.W.] and that the communication not be required to go through the public defender's office any longer." (Emphasis added.) Boggs' attorney then focused the argument on why requiring the public defender's office to be the liaison for communications was problematic due to ethical concerns and because it was outside the scope of representation in Boggs' criminal case. Defense counsel then suggested alternative liaisons and emphasized the letter option:

> I do think that either a guardian ad litem, a CASA volunteer or the victim/witness coordinator if the court deems it appropriate to have somebody review the *letters*, I think that's appropriate to have that happen. Certainly the *letter*--Mr. Boggs would understand that his *letter* would--is just to his child. . . . [O]ur request is first that Mr. Boggs be allowed to send the *letters* to the child directly, not to communicate with [Amanda] but to communicate directly with the child, or that the public defender's office be out of it and the court have a different third party be involved as an intermediary.

(Emphasis added.)

Consistent with Boggs' request, the district court modified the no-contact order to allow for written communication with J.W. through the victim witness coordinator at the prosecuting attorney's office instead of the public defender's office. If Boggs wanted telephone contact instead of written contact, he should have limited his request accordingly. The district court did not abuse its discretion by electing one of two options presented or by failing to provide an explanation as to the chosen option, particularly since the chosen option was the focus of Boggs' modification argument.

3

## IV.

## CONCLUSION

Boggs has failed to show that the district court abused its discretion by granting his motion to modify the no-contact order.  Therefore, the order of the district court modifying the no-contact order is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.