**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48148**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 13, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MARKO DAVID MAYLACK, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order denying motion to terminate no-contact order, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Marko David Maylack appeals from an order denying his motion to quash his no-contact order. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Maylack struck his son's ear, causing it to split open and bleed, after learning that he lied about submitting a school assignment. Based on this event and information that Maylack attempted to intimidate or influence his son and two other potential witnesses, the State charged Maylack with felony injury to child and three counts of intimidating, impeding, influencing, or preventing the attendance of a witness, with a sentencing enhancement for infliction of great bodily injury during the commission of a felony. On April 23, 2019, the magistrate court issued a

1

no-contact order prohibiting all contact between Maylack and his son. Eight days later, Maylack moved to modify the no-contact order. The magistrate court denied his motion. On May 23, 2019, pursuant to a plea agreement, Maylack entered guilty pleas to an amended charge of misdemeanor injury to child and one count of intimidating, impeding, influencing, or preventing the attendance of a witness. In exchange for his pleas, the State dismissed the remaining charges and the sentencing enhancement. On the same day, the district court amended the no-contact order to allow Maylack supervised visitation with his son.

At the sentencing hearing held on August 15, 2019, Maylack asked the district court to modify or terminate the no-contact order. At the time, the son was residing outside of Idaho. The district court amended the no-contact order by removing the exception for supervised visitation,[1] but indicated that Maylack could later move to modify the no-contact order if certain conditions were met. Approximately five weeks later, Maylack filed a motion to modify or terminate the no-contact order. On October 17, 2019, the district court amended the no-contact order to allow contact by phone, text, video, and letter. The expiration date of this version of the no-contact order is August 14, 2024.

On June 2, 2020, Maylack filed a motion to terminate the no-contact order. The district court denied his motion. Maylack appeals.

## II.

## STANDARD OF REVIEW

A trial court's decision to deny a motion to terminate a no-contact order is reviewed under an abuse of discretion standard. *State v. Cobler*, 148 Idaho 769, 771, 229 P.3d 374, 376 (2010). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

---

[1]     The district court later amended this no-contact order by changing the expiration date to a date that reflected the district court's oral pronouncement at the sentencing hearing.

# III.

## ANALYSIS

Maylack asserts the district court did not exercise reason in denying his motion to terminate the no-contact order because certain evidence in the record "obviated the need" for the no-contact order. The State responds that the district court "acted well within its discretion by exercising reason in declining to [terminate] the no-contact order in light of the evidence." We affirm and hold that the district court's decision denying Maylack's request to terminate the no-contact order was not an abuse of discretion.

By statute, trial courts may enter "an order forbidding contact with another person" when a defendant is convicted of certain enumerated crimes or "any other offense for which a [trial] court finds that a no[-]contact order is appropriate." I.C. § 18-920(1). The Idaho Supreme Court has held that no-contact orders "must be made to protect the current or future victims of these types of crimes." *State v. Lodge*, 166 Idaho 537, 540, 461 P.3d 819, 822 (2020).

In denying Maylack's motion to terminate the no-contact order, the district court noted that the no-contact order's "limitations are appropriate related to [Maylack] and his relationship with the [son], who is also the victim of this particular offense." The district court also observed it believed the no-contact order "accomplishes the goals of [the] criminal court and the goals of rehabilitation, and the goals of protecting the community" while contemporaneously "honor[ing] the fact that there is a pending family court case" in another state[2] and "permit[ting] some level of communication in hopes that eventually [Maylack] could have some relationship with the [son]." These comments reflect the district court's conclusion that the no-contact order was appropriate after considering Maylack's relationship (both past and future) with his son, the status of the son as the victim of one of Maylack's crimes, the goals of rehabilitation and protection of the community, and the pending family court case. This evinces an exercise of reason appropriately focused on protecting the victim.

---

[2] At this time, a family court in another state had awarded legal and physical custody to the son's mother and also prohibited Maylack from having "custody time" with the son.

Maylack contends "there was no reasoned basis for the district court to prohibit [Maylack] from having contact with his son"[3] because: (1) a psychological evaluation indicated that Maylack's risk of future violence was low and that his level of psychopathy was "very low"; (2) Maylack successfully completed anger management and parenting classes; (3) "prior to this case, [he] had had primary physical custody of [his son] since 2015"; and (4) he expressed remorse, which the presentence investigator perceived as "legitimate." This evidence does not show that the district court failed to exercise reason. As discussed above, the district court's comments show an exercise of reason. Further, as the State notes, Maylack has a history of violence. This history, combined with the criminal conduct underlying the charges in this case, support the district court's conclusion that the no-contact order continued to be appropriate.

Maylack also faults the district court for failing to "make any specific finding that [Maylack] posed an ongoing risk to victimize" the son. In support, Maylack relies on the holding in *Lodge* that no-contact orders "must be made to protect the current or future victims of these types of crimes." *Lodge*, 166 Idaho at 540, 461 P.3d at 822. The language in *Lodge*, however, does not require a specific finding of an ongoing risk. Instead, *Lodge* requires trial courts to design no-contact orders to protect a victim of the crime or potential victims. Here, the terms of the district court's no-contact order are designed to protect the son from Maylack. The district court was not, as Maylack appears to assert, required to make a specific finding that he presented an ongoing risk of harm to the son as a prerequisite to maintaining the no-contact order.

Finally, Maylack asserts the district court "appears to have deferred the decision regarding what amount of contact would be appropriate between" Maylack and his son to the family court in the other state. Maylack argues this deference is inappropriate because that state's family law applies a best interests analysis, which Maylack asserts "does not comport fully with the standard developed in Idaho for evaluating the necessity" for a no-contact order under I.C. § 18-920. Because we disagree with Maylack's assertion that the district court deferred to the other state court, we need not resolve his legal argument that a trial court abuses its discretion by deferring to another state court. The district court considered the interplay of its no-contact order with the

---

[3] We note that, contrary to Maylack's assertion, the no-contact order then in force did not prohibit all contact with his son. Instead, it permitted contact by phone, text, video, and letter.

pending family court case in another state and indicated it would be willing to modify the no-contact order to permit visitation allowed by another state's court. We do not read the district court's comments as deferring to the other state court. As discussed above, the district court also considered other factors, including Maylack's relationship with his son, in reaching its conclusion that the no-contact order was appropriate. Consequently, Maylack has failed to show that the district court abused its discretion in denying his motion to terminate the no-contact order.

## IV.
## CONCLUSION

Maylack has failed to show that the district court erred in denying his motion to terminate the no-contact order. Consequently, the district court's order denying Maylack's motion to terminate the no-contact order is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.