# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46856

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: July 7, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| GRACE ANNE BURRINGTON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jonathan Medema, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of two years, for burglary, affirmed; order denying motion to terminate no-contact order, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Grace Anne Burrington appeals from her judgment of conviction and unified sentence of ten years, with a minimum period of confinement of two years, for burglary; an order denying her motion to terminate a no-contact order; and an order denying her I.C.R. 35 motion for reduction of sentence. She argues her sentence is excessive and that the district court erred in denying her motion to terminate the no-contact order and in denying her motion for reduction of sentence. We affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Burrington entered the victim's bedroom while he slept and shot him in the arm with a gun taken from his closet. Believing the shooting was an accident, the victim, who was Burrington's boyfriend at the time, told Burrington to call emergency services. When law enforcement arrived, Burrington admitted shooting the victim, but claimed it was accidental. However, Burrington gave law enforcement inconsistent versions of how the shooting occurred. Further investigation revealed evidence that Burrington was having affairs, was using controlled substances, and the shooting was intentional.

The State charged Burrington with aggravated battery and an enhancement for the use of a deadly weapon during the commission of a crime. Pursuant to a plea agreement, Burrington pled guilty to an amended charge of burglary for entering the victim's bedroom with the intent to steal his gun. I.C. § 18-1401. In exchange for her guilty plea, the State agreed to recommend a suspended sentence and probation. However, due to Burrington's lack of compliance with the presentence investigation process, the district court concluded Burrington breached the plea agreement and relieved the State of its obligation to recommend probation. Ultimately, the district court sentenced Burrington to a unified term of ten years, with a minimum period of confinement of two years. Additionally, the district court entered a no-contact order which barred Burrington from having any contact with the victim for a period of ten years. Burrington subsequently filed an I.C.R. 35 motion for reduction of sentence and requested termination of the no-contact order.[1] The district court denied both motions. Burrington appeals.

# II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently

---

[1] Burrington did not file a formal motion to terminate the no-contact order. Rather, Burrington sent a letter to the district court seeking guidance regarding how to request termination of the no-contact order because the prison law library did not have forms for making such a request. The district court construed Burrington's letter as a motion to terminate the no-contact order.

2

with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

**III.**

**ANALYSIS**

Burrington argues that the district court erred by imposing an excessive sentence, denying her motion to terminate the no-contact order, and denying her I.C.R. 35 motion for reduction of sentence. The State responds that the district court properly exercised its discretion when making each of these decisions. We hold that Burrington has failed to establish that the district court abused its discretion.

**A.     Sentence Review**

Burrington argues that her unified sentence of ten years, with a minimum period of confinement of two years, for burglary is excessive. More specifically, Burrington contends that the district court failed to properly consider mitigating factors, such as her substance abuse issues, remorse, and amenability to treatment. The State responds that the district court imposed a reasonable and appropriate sentence.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170

3

P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

**B.     No-Contact Order**

Idaho Code Section 18-920(1) authorizes trial courts to impose a no-contact order for any offense for which the trial court finds such an order is appropriate. The decision to modify a no-contact order is also discretionary. *State v. Cobler*, 148 Idaho 769, 771, 229 P.3d 374, 376 (2010).

Burrington asked the district court to terminate the no-contact order so that she could contact the victim regarding the custody of their two children and obtain work release privileges while incarcerated, which she claimed she could not do while the order was in place. The district court denied Burrington's request. Burrington contends that the district court did not exercise reason in doing so because obtaining work release privileges will allow her to develop skills, rehabilitate, repay fines and fees, and demonstrate she can succeed on supervised release.[2] Burrington's assertion that she would benefit from work release privileges is inadequate to show the district court failed to exercise reason in denying her request to terminate the no-contact order. The district court reasoned that the Department of Correction's decision to preclude work release privileges for inmates with no-contact orders against them was not a reason to terminate the no-contact order. We find no abuse of discretion in the district court's decision in this regard. Under the circumstances of this case, the no-contact order was appropriate, and Burrington has failed to establish the district court abused its discretion by declining to terminate it.

**C.     Rule 35 Motion**

Burrington argues the district court erred in denying her Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information

---

[2]     Because the no-contact order allows Burrington to participate in child custody proceedings involving the victim, Burrington does not argue on appeal that the district court erred in denying her request to terminate the no-contact order to allow her to communicate with the victim regarding child custody issues.

4

subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987). Upon review of the record, including any new information submitted with Burrington's Rule 35 motion, we conclude no abuse of discretion has been shown.

## IV.
## CONCLUSION

Burrington has failed to show that her sentence is excessive. Burrington has also failed to show that the district court erred in denying her motion to terminate the no-contact order or that the district court erred in denying her Rule 35 motion. Consequently, Burrington's judgment of conviction and sentence for burglary, the district court's order denying her motion to terminate the no-contact order, and the district court's order denying her Rule 35 motion for reduction of sentence are affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.