# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 42816

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Boise, June 2015 Term |
| Plaintiff-Respondent, | ) |
| | ) 2015 Opinion No. 63 |
| v. | ) |
| | ) Filed: July 1, 2015 |
| JUNIOR LARRY HILLBROOM, | ) |
| | ) Stephen W. Kenyon, Clerk |
| Defendant-Appellant. | ) |
| | ) |
| _____ | ) |

Appeal from the District Court of the First Judicial District of the State of Idaho, Bonner County. Hon. Jeff M. Brudie, District Judge. Hon. Debra A. Heise, Magistrate Judge

The district court's order is <u>affirmed</u>.

Berg & McLaughlin, Chtd., Sandpoint, attorneys for appellant. William H. Berg argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, attorneys for respondent. Mark W. Olson argued.

_____

W. JONES, Justice

## I. NATURE OF THE CASE

Junior Hillbroom was charged with a misdemeanor for violating a no contact order under Idaho Code section 18-920(2). He moved to dismiss the charge—arguing that the no contact order was invalid and therefore the State could not prove an essential element of the crime. The magistrate court denied his motion, and the jury convicted Hillbroom as charged. Hillbroom appealed. The district court sitting in its capacity as an intermediate appellate court affirmed the magistrate court's order denying the motion. Hillbroom appealed again, and the Court of Appeals affirmed the district court's order. Hillbroom petitioned this Court for review. This Court granted his petition. We affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

1

On June 24, 2012, Hillbroom was charged with attempted strangulation and domestic violence in Case No. CR-2012-2908. On June 25, 2012, the magistrate court issued a no contact order, which prohibited Hillbroom from contacting the victim. The expiration date of the no contact order was left blank. In this respect, the no contact order stated: "THIS ORDER CAN BE MODIFIED <u>ONLY</u> BY A JUDGE AND WILL EXPIRE: at 11:59 p.m. on _____ OR upon dismissal of this case, whichever occurs first."

On July 10, 2012, the district court heard oral argument on the victim's motion to dismiss the no contact order. Hillbroom was present with counsel. The district court denied the motion.

On August 1, 2012, at the preliminary hearing on Case No. CR-2012-2908, the magistrate court heard a second request by the victim to dismiss the no contact order. Hillbroom was present with counsel. The magistrate court denied the motion to dismiss the no contact order, but it modified the order to allow certain third party contact. This order to modify also left the expiration date blank. It stated in relevant part: "**IT IS HEREBY ORDERED that the No Contact Order previously issued herein be: Modified** as follows, and will be in effect until 11:59 p.m. on _____, 20_____, or upon dismissal of the case."

On September 18, 2012, the district court heard oral argument on another motion by the victim to dismiss the no contact order. Hillbroom was present with counsel. The district court denied the motion.

On September 19, 2012, Hillbroom was issued a misdemeanor citation pursuant to Idaho Code section 18-920(2) for violating the no contact order. On December 14, 2012, Hillbroom moved to dismiss the charge on the basis that an element of the crime was a valid no contact order, which did not exist in this case due to the absence of a specific expiration date.

On January 11, 2013, upon the State's motion, the district court dismissed the charges of attempted strangulation and domestic violence in Case No. CR-2012-2908.

On January 15, 2013, the magistrate court issued an order denying Hillbroom's motion to dismiss the charge for violation of the no contact order. In the order, the magistrate court found that no one raised the issue of the no contact order's blank expiration date during the July 10, August 1, or September 18, 2012, proceedings.

Hillbroom went to trial. The jury found Hillbroom guilty of violating the no contact order. He appealed his judgment of conviction, contending that the magistrate court erred by denying his motion to dismiss. The district court sitting in its capacity as an intermediate

appellate court affirmed the ruling of the magistrate court. Hillbroom appealed to this Court. The case was assigned to the Court of Appeals, which affirmed the district court's order. Hillbroom petitioned this Court for review, which we granted.

### III. ISSUE ON APPEAL

1. Whether a no contact order's compliance with the mandate in Idaho Criminal Rule 46.2(a)(3) for a specific expiration date is required to prove a violation of a no contact order under Idaho Code section 18-920(2).

### IV. STANDARD OF REVIEW

> In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court. On appeal of a decision rendered by a district court while acting in its intermediate appellate capacity, this Court directly reviews the district court's decision. . . . If the magistrate court's findings of fact are supported by substantial and competent evidence and the conclusions of law follow from the findings of fact, and if the district court affirmed the magistrate's decision, [the Court] will affirm the district court's decision.

*State v. Herren*, 157 Idaho 722, 725, 339 P.3d 1126, 1129 (2014) (omission in original) (citations omitted) (quoting *Hausladen v. Knoche*, 149 Idaho 449, 451–52, 235 P.3d 399, 401–02 (2010)) (internal quotation marks omitted). The Court exercises free review over interpretation of statutes and the Idaho Criminal Rules. *Id.*; *State v. Weber*, 140 Idaho 89, 91, 90 P.3d 314, 316 (2004).

### V. ANALYSIS

There are two pertinent legal provisions in this case: Idaho Criminal Rule 46.2(a) and Idaho Code section 18-920(2). Idaho Criminal Rule 46.2(a) outlines the requirements of a no contact order. It states in part:

> (a) No contact orders issued pursuant to Idaho Code § 18-920 shall be in writing and served on or signed by the defendant. Each judicial district shall adopt by administrative order a form for no contact orders for that district. No contact orders must contain, at a minimum, the following information:
>
> > (1) The case number, defendant's name and victim's name;
> > (2) A distance restriction;
> > (3) That the order will expire at 11:59 p.m. on a specific date, or upon dismissal of the case;
> > (4) An advisory that:
> > > (a) A violation of the order may be prosecuted as a separate crime under I.C. § 18-920 for which no bail will be set until an appearance before a judge, and the possible penalties for this

crime,

(b) The no contact order can only be modified by a judge, and

(c) When more that one domestic violence protection order is in place, the most restrictive provision will control any conflicting terms of any other civil or criminal protection order.

Whenever a no contact order is issued, modified or terminated by the court, or the criminal case is dismissed the clerk shall give written notification to the records department of the sheriff's office in the county in which the order was originally issued, immediately. . . .

I.C.R. 46.2(a). The relevant provision here is subsection (3): requiring that the no contact order must contain the information "[t]hat the order will expire at 11:59 p.m. on a specific date, or upon dismissal of the case." I.C.R. 46.2(a)(3).

Idaho Code section 18-920(2) makes it a criminal offense to violate a no contact order. A person commits a violation of a no contact order when:

(a) A person has been charged or convicted under any offense defined in subsection (1) of this section;[1] and

(b) A no contact order has been issued, either by a court or by an Idaho criminal rule; and

(c) The person charged or convicted has had contact with the stated person in violation of an order.

I.C. § 18-920(2). The relevant provision here is subsection (b): requiring that "[a] no contact order has been issued, either by a court or by an Idaho criminal rule." I.C. § 18-920(2)(b).

In this case, the magistrate judge did not provide a specific expiration date in the no contact order. By failing to do so, the magistrate judge did not comply with Idaho Criminal Rule 46.2(a)(3). We have outlined the requirements of Idaho Criminal Rule 46.2(a)(3) in plain terms, and we have stressed our expectation of compliance. *State v. Cobler*, 148 Idaho 769, 772 & n.1, 229 P.3d 374, 377 & n.1 (2010); *State v. Castro*, 145 Idaho 173, 175–76, 177 P.3d 387, 389–90 (2008); *see also Herren*, 157 Idaho at 725, 339 P.3d at 1129 ("Idaho Criminal Rule 46.2 is a procedural rule that sets forth the minimum requirements for a valid no contact order.") A no

---

[1] Subsection (1) states:

When a person is charged with or convicted of an offense under section 18-901, 18-903, 18-905, 18-907, 18-909, 18-911, 18-913, 18-915, 18-918, 18-919, 18-6710, 18-6711, 18-7905, 18-7906 or 39-6312, Idaho Code, or any other offense for which a court finds that a no contact order is appropriate, an order forbidding contact with another person may be issued. A no contact order may be imposed by the court or by Idaho criminal rule.

I.C. § 18-920(1). There is no claim in this case that the magistrate court erred by issuing a no contact order for the offenses charged against Hillbroom.

4

contact order should state that it will expire: "at 11:59 p.m. on _____, or upon dismissal of this case, whichever first occurs." *Cobler*, 148 Idaho at 772 n.1, 229 P.3d at 377 n.1. Moreover, we have described the important public interests served by the expiration date. *Castro*, 145 Idaho at 175–76, 177 P.3d at 389–90. The expiration date "alleviate[s] backlogging and confusion." *Id.* at 175, 177 P.3d at 389. It also avoids the issuance of no contact orders of "eternal existence" or "enshrined perpetuity." *Id.* We urge the lower courts, including the judge in this case, to follow the directive in Idaho Criminal Rule 46.2(a)(3) to provide for a specific expiration date in all no contact orders.

Although the magistrate judge failed to comply with Idaho Criminal Rule 46.2(a)(3), the issue before us is not a direct appeal of the error in the issuance of the no contact order. Rather, the issue in this case is whether Hillbroom's conviction for a violation of a no contact order must be vacated because the underlying no contact order failed to comply with the requirement in Idaho Criminal Rule 46.2(a)(3) for a specific expiration date. We conclude that the failure of the no contact order to comply with Idaho Criminal Rule 46.2(a)(3) does not require us to vacate Hillbroom's conviction.

> Statutory interpretation begins with the statute's plain language. This Court considers the statute as a whole, and gives words their plain, usual, and ordinary meanings. When the statute's language is unambiguous, the legislature's clearly expressed intent must be given effect, and we do not need to go beyond the statute's plain language to consider other rules of statutory construction.

*State v. Owens,* 158 Idaho 1, 3, 343 P.3d 30, 32 (2015) (citations omitted). Here, the no contact order element in Idaho Code section 18-920(2)(b) is stated in the disjunctive: "[a] no contact order has been issued, either by a court *or* by an Idaho criminal rule." I.C. § 18-920(2)(b) (emphasis added). This language is unambiguous. The use of "or" indicates two alternatives, distinct from one another. *See Herren*, 157 Idaho at 726, 339 P.3d at 1130. Thus, the statute contemplates two types of no contact orders subject to prosecution for a violation thereof: (1) no contact orders issued by the court and (2) no contact orders issued by operation of an Idaho Criminal Rule. However, we have not adopted an Idaho Criminal Rule that would automatically issue a no contact order. Idaho Criminal Rule 46.2(a) only instructs the court on the proper procedures to issue a no contact order. But, even though we do not have an Idaho Criminal Rule that automatically issues no contact orders, a no contact order "issued . . . by the court" is sufficient under the plain language of Idaho Code section 18-920(2)(b). In this case, the magistrate court clearly issued an order prohibiting Hillbroom from contacting the victim. This

action satisfies Idaho Code section 18-920(2)(b). We affirm Hillbroom's conviction for violation of a no contact order.

Finally, we acknowledge that Hillbroom, represented by counsel, had at least three opportunities to bring the blank expiration date to the attention of the magistrate court or the district court, but he never notified the lower courts of this error based on the record before us. Hillbroom's remedy for this error was to seek modification of the no contact order and request a specific date of expiration.

## VI. CONCLUSION

We affirm the order of the district court.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON CONCUR.

6