# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 46554

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, November 2020 Term |
| | ) | |
| v. | ) | Opinion Filed: February 17, 2021 |
| | ) | |
| MAX J. GORRINGE, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendant-Appellant. | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Thomas W. Whitney, District Judge.

The order of the district court is reversed.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant Max J. Gorringe. Erik R. Lehtinen argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent State of Idaho. Justin R. Porter argued.

_____

STEGNER, Justice.

Defendant Max Gorringe appeals from the district court's order amending a no contact order. A no contact order was originally entered against Gorringe after he was initially charged with attempted strangulation in 2011. Upon acceptance of Gorringe's guilty plea to that charge in 2012, the district court rescinded the existing no contact order and in its place included no contact provisions in the Judgment and Commitment.

In 2018, Gorringe was charged with a misdemeanor for allegedly violating the no contact provisions contained in the original Judgment and Commitment. Gorringe sought clarification of the existing provisions from the district court that originally entered the judgment. Gorringe moved the district court to modify the no contact provisions, and the parties stipulated to an amendment of the order in exchange for the dismissal of Gorringe's misdemeanor charge. Although the district court expressed reservations regarding its jurisdiction to amend the no contact provisions that had been incorporated into the prior Judgment and Commitment, the district court nonetheless

1

amended the 2012 no contact order based on the parties' stipulation and the State's assurance that the victim did not object to the amendment.

Gorringe appeals the district court's order amending the no contact provisions, asserting that the no contact provisions included in the 2012 Judgment and Commitment are invalid. Gorringe also asserts that the district court lacked subject matter jurisdiction to amend the order in 2018. For the reasons discussed below, we reverse the district court's order amending the no contact provisions.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On November 1, 2011, Gorringe pleaded guilty to attempted strangulation after a domestic dispute with his partner. Prior to the entry of his guilty plea, the district court entered a no contact order prohibiting Gorringe, from contacting both his partner and their child. During Gorringe's sentencing, the district court rescinded the existing no contact order. However, instead of entering a new separate no contact order on the court form then used in the Third Judicial District, the district court incorporated the no contact provisions into its Judgment and Commitment, which was entered on January 30, 2012. The new no contact provisions stated: "IT IS FURTHER ORDERED that the defendant shall have No Contact with [S.Y.], the victim in this case. Third party contact may occur with [S.Y.] to wit; by contacting [K.M.] solely for the purposes of arranging visitation with [R.G., their child.]"

Gorringe appealed his conviction. The case was assigned to the Idaho Court of Appeals. On appeal he argued that the district court erred in denying his motion to dismiss for a violation of Idaho Criminal Rule 5.1. Gorringe argued that the time to conduct a preliminary hearing had been exceeded. *See* I.C.R. 5.1(a). Notably, Gorringe did not challenge the no contact provisions contained in the Judgment and Commitment. The Court of Appeals affirmed the district court's denial of Gorringe's motion to dismiss on March 13, 2013, and a remittitur issued on March 28, 2013. *See State v. Gorringe*, No. 39638, 2013 WL 5988408, at *1 (Idaho Ct. App. Mar. 13, 2013) (unpublished).

In December 2017, Gorringe was charged with a misdemeanor in the magistrate court for allegedly violating the no contact provisions entered in 2012.[1] Gorringe moved the district court

---

[1] The record does not contain any of the misdemeanor charging documents; however, the parties discussed these charges during the hearing held on October 5, 2018.

that originally entered the judgment for clarification of the terms of the no contact order.[2] The parties concurrently filed a stipulation clarifying the terms of the previously issued no contact provisions, including setting forth an expiration date which the prior order did not include. The stipulation was apparently in exchange for a dismissal of the misdemeanor charge, which accused Gorringe of violating the long-standing no contact order. At the hearing, Gorringe's counsel explained the need to clarify the terms of the no contact order, noting that a civil protection order regarding the same dispute and victim existed concurrently with the criminal no contact order at issue.[3] The district court then candidly acknowledged that it had "no jurisdiction or authority to change the material terms of the judgment." The district court expressed doubt regarding its authority to modify the 2012 no contact order:

> I was concerned about my authority to do anything with the no contact order portion of this judgment, but no contact orders now are required to be entered on a separate form that the Supreme Court has set out, and my interpretation of the judgment is that when this was entered on January 30 of 2012 that portion was not intended to be res judicata but rather was included in the judgment for convenience and was intended to be modifiable, including on the motion of the victim at a later date should the victim want the order to be modified.
>
> So I think that's the only thing that I have found in this judgment that I actually have jurisdiction to change is that one portion of that no contact portion, but, you know, I'm not positive about that. And I would have been very reluctant to do it in the absence of additional legal authority except that the parties stipulated in this case. And because there's been a stipulation and the approval of the victim, I'm comfortable going forward because I don't want all of your lives to be tied up with the technicalities of the legal system. I want you to be able to just live your lives as best you can given the limitations of the case here.

The district court entered the amended no contact order pursuant to the parties' stipulation.

Gorringe filed a pro se notice of appeal which, pursuant to the prison mailbox rule,[4] was timely.

---

[2] The district judge who originally entered the Judgment and Commitment, Judge Thomas Ryan, had retired by the time of the motion for clarification was brought. In the interim, Judge Thomas W. Whitney replaced Judge Ryan. It is unusual (and contrary to the judicial district's written administrative order) for a no contact provision to be included in a judgment as opposed to the issuance of a separate no contact order on the previously approved form. *See* Administrative Order No. 2004-3, Third Judicial District, June 24, 2004. The separate form contains specific terms that are required for the issuance of a no contact order. *See id.*

[3] This civil protection order was first entered sometime in 2017 in Canyon County Case No. CV 2017-7365. The order was renewed on November 14, 2018, and set to expire on November 14, 2019. The record does not contain any of the documents related to the civil case, aside from one hearing transcript at which the victim sought renewal of the no contact order and the subsequent entry of the renewed order.

[4] The prison mailbox rule construes a pro se inmate's legal documents filed once they are given to prison officials. *See Munson v. State*, 128 Idaho 639, 643, 917 P.2d 796, 800 (1996).

## II. STANDARD OF REVIEW

"[T]he issue of whether a district court has subject matter jurisdiction is a question of law, over which we exercise free review." *Valiant Idaho, LLC v. VP Inc.*, 164 Idaho 314, 332, 429 P.3d 855, 873 (2018) (quoting *Slavens v. Slavens*, 161 Idaho 198, 201, 384 P.3d 962, 965 (2016)). "An order entered without subject matter jurisdiction is void." *State v. Vaughn*, 156 Idaho 13, 15, 319 P.3d 497, 499 (Ct. App. 2014) (quoting *State v. Peterson,* 148 Idaho 610, 612–13, 226 P.3d 552, 554–55 (Ct. App. 2010)).

"Subject-matter jurisdiction can be raised at any time." *Ackerschott v. Mountain View Hosp., LLC*, 166 Idaho 223, 237, 457 P.3d 875, 889 (2020). "The Court exercises free review over interpretation of statutes and the Idaho Criminal Rules." *State v. Hillbroom*, 158 Idaho 789, 791, 352 P.3d 999, 1001 (2015).

## III. ANALYSIS

### A. The law of the case doctrine does not bar Gorringe from claiming that the 2012 no contact provision is unenforceable.

In February 2012, Gorringe appealed his conviction alleging that the district court erred when it denied his motion to dismiss due to a violation of Idaho Criminal Rule 5.1(a). Gorringe did not challenge the validity of the no contact order set forth in the 2012 Judgment and Commitment in his 2012 appeal. The Court of Appeals affirmed the district court's denial of Gorringe's motion to dismiss and made no mention of the no contact provision set forth in the judgment. *See Gorringe*, No. 39638, 2013 WL 5988408, at *1.

On appeal, Gorringe asserts that the 2012 no contact order was invalid from the time it was first issued because it did not comply with Idaho Criminal Rule 46.2(a). In response, the State contends that Gorringe is barred from challenging the validity of the no contact order contained in the 2012 judgment because he "did not raise [this claim] in his appeal from the judgment." The State relies on the law of the case doctrine, which "prevents consideration on a subsequent appeal of alleged errors that might have been, but were not, raised in the earlier appeal." *State v. Hawkins*, 155 Idaho 69, 72, 305 P.2d 513, 516 (2013) (quoting *Taylor v. Maile,* 146 Idaho 705, 709, 201 P.3d 1282, 1286 (2009)).

Gorringe responds by noting that the original no contact order entered on May 25, 2011—after Gorringe had been charged, but prior to his pleading guilty or sentencing—had an expiration

date of May 25, 2012.[5] Therefore, at the time Gorringe appealed in February 2012, "there was no reason to challenge the no contact order on appeal because [Gorringe] had been led to believe the no contact order expired later that year [in 2012]."

> The law of the case doctrine, which is well settled in Idaho,

> requires that when an appellate court, in "deciding a case presented states in its opinion a *principle or rule of law necessary to the decision*, such pronouncement becomes the law of the case, and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal[.]"

*Berrett v. Clark Cnty. Sch. Dist. No. 161*, 165 Idaho 913, 921, 454 P.3d 555, 563 (2019) (quoting *Regan v. Owen*, 163 Idaho 359, 363, 413 P.3d 759, 763 (2018) (italics in original)); *see also Swanson v. Swanson*, 134 Idaho 512, 515, 5 P.3d 973, 976 (2000). "The underlying purpose of the doctrine is to 'maintain consistency and avoid reconsideration of matters once decided during the course of a single, continuing lawsuit. . . .'" *Berrett*, 165 Idaho at 922, 454 P.3d at 564 (quoting *State v. Dunlap*, 155 Idaho 345, 375–76, 313 P.3d 1, 31–32 (2013)).

Here, the Court of Appeals did not consider the validity of the 2012 no contact provisions, let alone set forth a "principle or rule of law necessary to [its] decision" regarding those provisions. *See Berrett*, 165 Idaho at 921, 454 P.3d at 563 (italics removed); *see also Gorringe*, No. 39638, 2013 WL 5988408 at *2. Further, Gorringe did not raise the issue of the order's validity until this appeal, in which he challenges the district court's subject matter jurisdiction to amend it. As is well established, subject matter jurisdiction may be raised at any time. *See Ackerschott*, 166 Idaho at 237, 457 P.3d at 889. There has been no "law of the case" pronouncement regarding the 2012 no contact order. As a result, Gorringe is not barred from challenging the district court's subject matter jurisdiction to modify the no contact provisions in the present appeal.

**B. The no contact provision in the district court's 2012 Judgment and Commitment is unenforceable.**

After Gorringe was initially charged with attempted strangulation, the magistrate court issued a no contact order against him on May 25, 2011, on the standard form then used by the Third Judicial District. This 2011 order was set to expire on May 25, 2012. Gorringe pleaded guilty to the attempted strangulation charge and was sentenced on January 9, 2012. Prior to the entry of the judgment, the district court rescinded the existing no contact order. The district court entered

---

[5] As noted, that earlier no contact order was rescinded by the district court before the new no contact provisions were included in the judgment.

5

its Judgment and Commitment on January 30, 2012, including no contact provisions within its terms. However, these new provisions did not contain the required terms that were contained in the standard form used by the magistrate court. The entirety of these provisions stated: "IT IS FURTHER ORDERED that the defendant shall have No Contact with [S.Y.], the victim in this case. Third party contact may occur with [S.Y.] to wit; by contacting [K.M.] solely for the purposes of arranging visitation with [R.G., their child in common.]" Tellingly, these provisions do not contain an expiration date.

Gorringe asserts on appeal that "the no contact provision in the Judgment and Commitment was not a valid no contact order to begin with," because it failed to comply with the requirements of Idaho Criminal Rule 46.2(a). Specifically, Gorringe alleges that the no contact provisions contained in the 2012 judgment lacked an expiration date, a distance restriction, and an explanation of the criminal penalties Gorringe faced if he were to violate the no contact order. Gorringe notes that this Court's rules specifically require no contact orders to contain an expiration date.

Gorringe contends that the necessary terms contained in a no contact order are "essential in order to comport with due process requirements as to notice to those impacted by such a[n order]." Gorringe notes that "a criminal enactment which does not give adequate notice that the conduct charged is prohibitive is violative of due process." *Wright v. Georgia*, 373 U.S. 284, 293 (1963).

In response, the State argues that Gorringe waived the issue of the validity of the no contact order "by resolving the [2018] misdemeanor [charge for violating the no contact order] in the fashion that he did." The State observes that Gorringe "agreed to the dismissal of [that] misdemeanor charge in exchange for [stipulating to] the *amended* no contact order, which did conform to the requirements of Rule 46.2." (Italics added.) The State next contends that "even if the Court considers Gorringe's claims about the validity of the no contact provision contained in the judgment, that no contact order is still valid." The State relies on Idaho precedent stating that no contact orders "need not strictly comply with the requirements of Rule 46.2. . ." *See, e.g.*, *Hillbroom*, 158 Idaho at 792, 359 P.3d at 1002.

Idaho Criminal Rule 46.2 has a complicated history. This Court's explanation of the history of Rule 46.2 in *State v. Castro* is instructive. 145 Idaho 173, 175–76, 177 P.3d 387, 389–90 (2008).

> Pursuant to this Court's inherent rulemaking power, I.C.R. 46.2 was promulgated in 2002 to govern the issuance of no contact orders by Idaho courts. When it was

6

adopted, this rule required that all no contact orders provide that "*[t]he no contact order will remain in effect until further order of the court.*"

*Id.* at 175, 177 P.3d at 389 (italics in original). Only two years after the rule's adoption, it became clear that the perpetual nature of existing no contact orders was causing "confusion, false arrests, and lawsuits," prompting this Court to issue an order amending Rule 46.2. *Id.*

> The amended version of this rule eliminated the requirement that no contact orders contain the statement "*[t]he no contact order will remain in effect until further order of the court,*" and added the requirement that no contact orders must specify "*[t]hat the order will expire at 11:59 p.m. on a specific date, or upon dismissal of the case.*" The amendment became effective July 1, 2004.

*Id.* at 175–76, 177 P.3d at 389–90 (italics in original).

> Idaho Criminal Rule 46.2(a), as amended in 2004, provided:
>
> (a) No contact orders issued pursuant to Idaho Code § 18–920 shall be in writing and served on or signed by the defendant. *Each judicial district shall adopt by administrative order a form for no contact orders for that district.* No contact orders must contain, at a minimum, the following information:
>
>> (1) The case number, defendant's name and victim's name;
>>
>> (2) A distance restriction;
>>
>> (3) *That the order will expire at 11:59 p.m. on a specific date, or upon dismissal of the case*;
>>
>> (4) An advisory that:
>>
>>> (a) A violation of the order may be prosecuted as a separate crime under I.C. § 18–920 for which no bail will be set until an appearance before a judge, and the possible penalties for this crime,
>>>
>>> (b) The no contact order can only be modified by a judge, and
>>>
>>> (c) When more tha[n] one domestic violence protection order is in place, the most restrictive provision will control any conflicting terms of any other civil or criminal protection order.
>
> Whenever a no contact order is issued, modified or terminated by the court, or the criminal case is dismissed the clerk shall give written notification to the records department of the sheriff's office in the county in which the order was originally issued, immediately . . . .

*Hillbroom*, 158 Idaho at 791, 352 P.3d at 1001 (citing I.C.R. 46.2(a) as it appeared in 2015) (italics added).

In 2017, Rule 46.2 was amended again, this time setting forth a statewide standard form for all no contact orders:

(a) Orders in Writing; Service; Form; Contents. No contact orders issued pursuant to Idaho Code § 18-920 *must be on the Supreme Court form found in Appendix A* and served on or signed by the defendant. . . Whenever a no contact order is issued, modified or terminated by the court, or the criminal case is dismissed, the clerk must immediately give written notification to the sheriff's office in the county in which the order was originally issued for entry into records systems.

I.C.R. 46.2(a) (italics added). The authorized Supreme Court no contact order form sets forth requirements like those listed in the previous version of Rule 46.2. *See* I.C.R. Form 46.2. That rule, in its current form, requires that a no contact order include a date of termination, a distance restriction, an advisory that a violation of the order constitutes a separate crime, and that it must be signed by the defendant. *Id.*

This Court has repeatedly made clear its expectation that lower courts must comply with the requirement of Rule 46.2 and that a no contact order must specify its date of expiration. *See Castro*, 145 Idaho at 176, 177 P.3d at 390 ("In the future, in all cases which come before the trial courts of this state for hearing on a motion to modify or terminate a no contact order entered prior to July 1, 2004, *we expect judges to provide a termination date*, regardless of whether the motion to modify or terminate the no contact order is granted.") (italics added); *State v. Cobler*, 148 Idaho 769, 772, 229 P.3d 374, 377 ("Idaho Criminal Rule 46.2 requires an expiration date on all no contact orders."); *Hillbroom*, 158 Idaho at 791–92, 352 P.3d at 1001–02 ("We have outlined the requirements of Idaho Criminal Rule 46.2(a)(3) in plain terms, and we have stressed our expectation of compliance.").

Gorringe's challenge of the validity of the 2012 no contact provisions is well-founded for several reasons. First, the no contact provisions contained in the district court's judgment lacked a termination date. This omission has specifically been found to be error by this Court on numerous occasions. *See Castro*, 145 Idaho at 176, 177 P.3d at 390; *Cobler*, 148 Idaho at 772, 229 P.3d at 377; *Hillbroom*, 158 Idaho at 791–92, 352 P.3d at 1001–02. It was the problem with perpetual no contact orders that gave rise to this Court's first amendment of Rule 46.2 in 2004. A perpetual no contact order is almost certain to give rise to "confusion, false arrests, and lawsuits," as the case before us illustrates. *See Castro*, 145 Idaho at 176, 177 P.3d at 390. Gorringe's 2018 misdemeanor charge for violating the 2012 no contact provisions apparently stemmed from Gorringe's attempt to send legal documents to the victim's former attorney approximately six years after the no contact order was issued. By amending Rule 46.2 to require a termination date, we sought to eliminate this very type of confusion.

8

In addition to its perpetual duration, the no contact provisions were included within the district court's Judgment and Commitment. In 2012, Rule 46.2 required that no contact orders be entered on a separate, standard form adopted by each judicial district. *See Hillbroom*, 158 Idaho at 791, 352 P.3d at 1001 (citing Rule 46.2 as it existed in the version adopted in 2004 prior to its amendment in 2017). It is unclear why the district court rescinded the existing no contact order instead of entering a new one with updated terms and an expiration date on the form then-used by the Third Judicial District. Regardless, such an omission plainly fails to comply with Rule 46.2's mandate that a no contact order be entered on a separate form.

Another failing of the district court's 2012 no contact provision was its failure to provide the appropriate notices of criminal penalties for violating the underlying no contact provisions. To comply with principles of procedural due process, "an individual must be provided with notice and an opportunity to be heard." *Meyers*, 148 Idaho at 291, 221 P.3d at 89 (quoting *Spencer v. Kootenai Cnty.*, 145 Idaho 448, 454, 180 P.3d 487, 493 (2008)). "Elementary notions of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment, but also of the severity of the penalty that a State may impose." *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 574 (1996). "It is well established that a conviction under a criminal enactment which does not give adequate notice that the conduct charged is prohibited is violative of due process." *Wright*, 373 U.S. at 293.

At the time Gorringe was sentenced in 2012, Rule 46.2(a)(4) required that Gorringe be given notice that:

> (a) A violation of the order may be prosecuted as a separate crime under I.C. § 18–920 for which no bail will be set until an appearance before a judge, and the possible penalties for this crime. . .
>
> (c) When more tha[n] one domestic violence protection order is in place, the most restrictive provision will control any conflicting terms of any other civil or criminal protection order.

*Hillbroom*, 158 Idaho at 791, 352 P.3d 999 at 1001 (citing I.C.R. 46.2(a)(4) as it appeared in 2012). The notice required by the Rule mirrors the current language used by this Court in the form adopted in 2017. *See* I.C.R. Form 46.2.

The district court failed to include any notice of potential penalties in the 2012 no contact provision regarding violations of the order when it included the provision in its Judgment and Commitment. This failure deprived Gorringe of his right to fair notice of prohibited conduct under due process principles. *See Wright*, 373 U.S. at 293.

9

Finally, the no contact provisions failed to specify and advise Gorringe of any distance restriction. Without notice of a specific distance restriction, it would be nearly impossible for Gorringe to comply with the order due to its lack of precision and would improperly place a burden on Gorringe to speculate as to what conduct would or would not be permissible. This would be likely to cause more of the same confusion resulting from the issuance of a no contact order of perpetual duration.

As a result of its lack of termination date, distance restriction, or criminal penalty advisories, along with its incorporation as a provision within the district court's Judgment and Commitment, the 2012 no contact provision failed to even minimally comply with Idaho Criminal Rule 46.2 as it appeared in 2012. Accordingly, the no contact provision is unenforceable against Gorringe.[6]

### C. The district court lacked jurisdiction to amend the 2012 no contact order.

"Subject matter jurisdiction in a criminal case is conferred by the filing of an 'information, indictment, or complaint alleging an offense was committed in the State of Idaho.'" *State v. McIntosh*, 160 Idaho 1, 6, 368 P.3d 621, 626 (2016) (quoting *State v. Rogers*, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004)). "Generally, once acquired by the court, jurisdiction continues until extinguished by some event." *Id.* "Absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal." *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003).

"This issue [of jurisdiction] is so fundamental to the propriety of a court's actions, that subject matter jurisdiction can never be waived or consented to, and a court has a sua sponte duty to ensure that it has subject matter jurisdiction over a case. . . . Furthermore, judgments and orders made without subject matter jurisdiction are void and 'are subject to collateral attack'. . ." *State v. Lute*, 150 Idaho 837, 840, 252 P.3d 1255, 1258 (2011). Parties cannot stipulate to jurisdiction where it does not exist. *See Fairway Dev. Co. v. Bannock Cnty.*, 119 Idaho 121, 125, 804 P.2d 294, 298 ("[P]arties to an action cannot confer or create subject matter jurisdiction upon or in a court if in fact it does not exist.").

---

[6] As a result of the unenforceability of the 2012 no contact order, the subsequent misdemeanor charge for Gorringe's alleged violation of the order would have been unsustainable.

Because the no contact provisions were incorporated into the final judgment, the district court's jurisdiction to modify the no contact order was extinguished when the remittitur issued after the Idaho Court of Appeals affirmed Gorringe's conviction on appeal. *See Gorringe*, No. 39638, 2013 WL 5988408 at *1. Although Gorringe and the State attempted to stipulate to the district court's amendment of the 2012 no contact provisions, it is well established that parties cannot stipulate to create subject matter jurisdiction where it does not already exist. *See Fairway Dev. Co.*, 119 Idaho at 125, 804 P.2d at 298. Accordingly, the district court's order is void.

## IV.    CONCLUSION

Based on the foregoing, the district court's order amending the no contact order is reversed. We hold the no contact provisions in the 2012 sentencing order are void.

Chief Justice BEVAN, Justices BURDICK, BRODY, and MOELLER CONCUR.

11