**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52023**

| | |
|---|---|
| STEPHANIE MARIE JOHNSON,<br><br>　　　Petitioner-Respondent,<br><br>v.<br><br>MAX J. GORRINGE,<br><br>　　　Respondent-Appellant. | )<br>)　**Filed:  June 16, 2026**<br>)<br>)　**Melanie Gagnepain, Clerk**<br>)<br>)　**THIS IS AN UNPUBLISHED**<br>)　**OPINION AND SHALL NOT**<br>)　**BE CITED AS AUTHORITY**<br>)<br>)　**SUBSTITUTE OPINION**<br>)　**THE COURT'S PRIOR OPINION**<br>)　**DATED FEBRUARY 3, 2026,**<br>)　**IS HEREBY WITHDRAWN**<br>)<br>)<br>) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Susan E. Wiebe, District Judge.  Hon. Debra A. Orr, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, dismissing appeal, <u>affirmed</u>; order denying motion to alter and/or amend order dismissing appeal, <u>affirmed</u>.

Nevin, Benjamin & McKay LLP; Dennis Benjamin, Boise, for appellant.

Stephanie Marie Johnson, respondent, did not participate on appeal.

_____

TRIBE, Chief Judge

Max J. Gorringe appeals from the decision of the district court, on intermediate appeal from the magistrate court, dismissing his appeal.  He also appeals from the district court's subsequent order denying his motion to alter and/or amend order dismissing appeal pursuant to Idaho Rule of Civil Procedure 59.  We affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2012, Gorringe pled guilty to attempted strangulation after a domestic dispute with his partner, Stephanie Marie Johnson. The district court included a no-contact order in Gorringe's judgment of conviction. The Idaho Supreme Court held that this no-contact order provision failed to comply with the rules governing such orders and extinguished the no-contact order. *See State v. Gorringe*, 168 Idaho 175, 481 P.3d 723 (2021).

In 2017, when Gorringe became eligible for parole, Johnson filed a petition for a civil protection order on behalf of herself and their minor child. Based on the evidence presented at the hearing, the magistrate court granted the petition under Idaho Code §§ 18-7907 and 39-6304. Gorringe appealed the order, raising several substantive issues. The Idaho Supreme Court initially dismissed the appeal in 2019 for failure to timely file a notice of appeal. After additional activity in the district court and an additional filing by Gorringe, the Idaho Supreme Court notified the parties that the appeal remained dismissed.

The present appeal stems from the same civil protection order originally entered by the magistrate court in 2017. In 2023, Gorringe filed a notice of appeal to the district court, raising several issues but specifically challenging the magistrate court's subject-matter jurisdiction to continue renewing the protection order. After dismissing the appeal for failure to timely file an opening brief, the district court reinstated the appeal upon reviewing the prison mail log and granted Gorringe additional time to file his brief. During that period, Gorringe objected to the clerk's record, requesting that additional documents be included. Ultimately, the district court dismissed Gorringe's appeal for failure to file an opening brief or any other filings within the extended deadline. The district court also denied Gorringe's motion to alter and/or amend the order dismissing appeal. Gorringe now timely appeals from that dismissal and raises issues concerning the magistrate court's jurisdiction to modify the civil protection order.

# II.

## STANDARD OF REVIEW

Whether a court lacks jurisdiction is a question of law that may be raised at any time, *Pizzuto v. State*, 127 Idaho 469, 471 903 P.2d 58, 60 (1995), and over which appellate courts exercise free review. *State v. Barros*, 131 Idaho 379, 381, 957 P.2d 1095, 1097 (1998).

## III.

## ANALYSIS

Preliminarily, we note that, other than filing a notice of appearance, Johnson has declined to participate in this appeal. Gorringe argues that the magistrate court lacked subject-matter jurisdiction to renew or to modify the civil protection order pending appeal. Gorringe also argues that the district court erred in dismissing his appeal for failing to file an opening brief because the due date to file had not passed. Finally, Gorringe argues that the district court erroneously denied his motion to alter and/or amend the order dismissing appeal.

### A.      Subject-Matter Jurisdiction

Gorringe's principal argument on appeal is that the magistrate court lacks jurisdiction over an order or a judgment while it is pending appeal. In Gorringe's view, the magistrate court had no authority to renew the civil protection order during the pendency of his appeal of that protection order.

Once a notice of appeal is filed, the trial court is divested of jurisdiction over the matters being appealed. *Syth v. Parke*, 121 Idaho 156, 158, 823 P.2d 760, 762 (1991); *see* Idaho Appellate Rule 13. This principle of exclusive appellate jurisdiction is not, however, absolute. *See* I.A.R. 13; I.R.C.P. 62. The trial court retains jurisdiction to act during the pendency of an appeal to preserve the status quo. *Newton v. Consol. Gas Co.*, 258 U.S. 165, 177 (1922); *Hoffman v. Beer Drivers & Salesmen's Loc. Union No. 888*, 536 F.2d 1268, 1276 (9th Cir. 1976); *United States v. El-O-Pathic Pharmacy*, 192 F.2d 62, 79 (9th Cir. 1951). This exception to the jurisdictional transfer principle has been codified in I.A.R. 13(a), where, as here, civil protection orders issued pursuant to I.C. § 18-7907 are not automatically stayed for a period of fourteen days pending the appeal. Furthermore, I.R.C.P. 62(c) allows a trial court to "suspend, modify, restore, or grant an injunction or writ of mandate on terms for bond or other terms that secure the opposing party's rights."

A civil protection order is a type of injunction, which is a court order commanding or preventing an action. *See Injunction*, BLACK'S LAW DICTIONARY (12th ed. 2024). The effect of a civil protection order is to preserve the parties' positions and their status quo pending the outcome of the appeal. Thus, in challenging the magistrate court's jurisdiction to modify a civil protection order pending appeal, Gorringe is challenging the magistrate court's jurisdiction to modify an injunction pending appeal.

Gorringe contends that renewals of the civil protection order in November 2019 and January 2020 were invalid because the original civil protection order was pending appeal. Gorringe notes that the no-contact order can last in perpetuity. To support his position, Gorringe cites his prior appeal--*Gorringe*, 168 Idaho 175, 481 P.3d 723. That appeal was from his criminal case in which the no-contact order was issued in his judgment of conviction and was governed by Idaho Criminal Rule 46.2. The problem with the criminal no-contact order was that it was improperly incorporated into the judgment of conviction and lacked most of the requirements of I.C.R. 46.2, including an expiration date. *Gorringe*, 168 Idaho at 179-80, 481 P.3d at 727-28. The Idaho Supreme Court held that, because the no-contact order provisions failed to even minimally comply with I.C.R. 46.2, the order was "unenforceable." *Gorringe*, 168 Idaho at 182, 481 P.3d at 730. Therefore, the Idaho Supreme Court held that, since the no-contact order provisions were incorporated into the judgment of conviction, the district court's jurisdiction to modify the no-contact order was extinguished when the remittitur issued after the Idaho Court of Appeals affirmed Gorringe's judgment of conviction on appeal. *Id.* at 183, 481 P.3d at 731.

In contrast, this appeal involves a civil protection order that was issued as a separate order. Johnson petitioned for and was granted a civil protection order in 2017--at a time when such proceedings were governed by the Idaho Rules of Civil Procedure. The Idaho Rules of Family Law Procedure have controlled such matters since 2021. Idaho Rule of Family Law Procedure 102(a) expressly provides that the Idaho Rules of Civil Procedure apply where incorporated by reference. Relevant to this case, I.R.F.L.P. 813 makes clear that appeals from orders, decrees, or judgments are governed by I.R.C.P. 83. Thus, the civil protection order in this case is governed by the Idaho Rules of Civil Procedure, which allow the trial court to extend a civil protection order while an appeal is pending, so long as doing so preserves the status quo and secures the opposing party's or protected person's rights. *See* I.R.C.P. 62(c). Requiring Johnson to endure continued contact from Gorringe--the same person who had been convicted of attempting to strangle her--while the case is pending on appeal, would neither maintain the status quo nor secure her rights. Moreover, Johnson had no other recourse, as the Supreme Court determined the criminal no-contact order to be void for failing to comply with the Idaho Criminal Rules. As a result, the civil rules authorized the magistrate court to renew/modify the civil protection order, and the magistrate court thus had jurisdiction to do so.

4

**B.     Dismissal of Intermediate Appeal**

Gorringe argues that the district court erred in dismissing his appeal for failure to timely file his opening brief for two reasons.  First, he contends that the clerk failed to file the clerk's record on appeal, in violation of I.R.C.P. 83(j) and therefore the time for filing his opening brief never commenced.  Second, he maintains that, even if the record had been filed, the clerk failed to provide the required notice of such filing and of the due date for the opening brief in violation of I.A.R. 29(b).

Pursuant to I.R.C.P. 83(h), the district court directed the court clerk to file the clerk's record.  The district court, in its discretion, granted Gorringe an extension of forty-five days to file his opening brief on intermediate appeal from the date of the filing of the clerk's record.  The district court found that the clerk's record was filed on February 9, 2024.  On April 8, 2024, the district court entered an order dismissing the appeal for Gorringe's failure to make any filings within the prescribed timeframe of forty-five days.  Whether a district court erred by dismissing an appeal as untimely is a question of law, over which this Court exercises free review.  *Brown v. Brown*, 157 Idaho 522, 525, 337 P.3d 681, 684 (Ct. App. 2014).

Gorringe contends that the court clerk never filed the record on appeal.  According to Gorringe, because the clerk failed to file the record as ordered by the district court, the time for filing his opening brief never commenced, and the district court erred in dismissing the appeal for failure to timely file the brief.  However, the court's electronic filing system, as described in the case summary, reflects an entry dated February 9, 2024, stating "Original Record(s) on Appeal Served or Transferred *as per Order to Parties sent Certified Mail for DISTRICT APPEAL*."  The system's document's tab further shows that the record on appeal was filed on February 9, 2024, with an attachment containing the clerk's record.  As a party to the case, Gorringe had access to the documents filed in the electronic filing system.[1]  While I.R.C.P. 83 requires the court clerk to

---

[1]     This Court does not suggest that mere access to an electronic system suffices to provide notice.  To the contrary, this Court will address the notice through its analysis of service and constructive notice below--precisely because electronic access is not the operative mechanism.  Moreover, while this Court understands that incarcerated litigants do not possess the ability to electronically file documents, they have access to the internet, including the electronic filing court system and to paralegals who are capable of filing legal documents at the litigant's

file the record, it does not mandate that the entry bear a specific title in the electronic system. *See* I.R.C.P. 83(j). Thus, the electronic filing system refutes Gorringe's assertion that the record was not filed and supports the district court's dismissal of the appeal for failure to timely file an opening brief.

Gorringe further contends that the record was never filed because it was not "settled," referencing I.A.R. 29(a) for the proposition that settlement must precede filing. From there, he posits that his March 15, 2024, objection tolled the filing deadline. This argument fails for two reasons.

First, as this Court already explained, intermediate appeals are governed by a different procedural framework than appeals to the Idaho Supreme Court. Idaho Rule of Civil Procedure 83(j) controls here and requires the record to be filed within seven days of settlement of the transcript. The transcripts in this matter were filed on September 14, 2023, and, without objection, were deemed settled twenty-one days later under I.R.C.P. 83(i)(3). On February 7, 2024, the district court entered an order on motion for reconsideration, which included directing preparation of the clerk's record. The clerk's record was filed on February 9, 2024, and the appellate record was thereafter filed consistent with those governing rules. The briefing deadline, as the district court correctly ordered, ran from the filing of the clerk's record and included an extension of an additional forty-five days plus three days for service by mail.

Second, even indulging Gorringe's reliance on I.A.R. 29(a), the rule requires any objection to the clerk's record to be accompanied by a notice setting the objection for hearing. The record contains no such notice. In other words, the purported objection was procedurally deficient and had no tolling effect. Accordingly, the record was deemed settled within the prescribed period, regardless of Gorringe's late filing.

---

behest. *See Idaho Dep't of Corr., Standard Operating Proc., Comput. and Internet Use by Residents* (adopted Apr. 30, 2020, revised Feb. 21, 2025), https://forms-idoc.idaho.gov/WebLink/DocView.aspx?id=1751316&dbid=0&repo=LFICHE (last accessed May 21, 2026); *Idaho Dep't of Corr., Standard Operating Proc., Access to Courts*, 11 (adopted Aug. 15, 1995, revised Jan. 30, 2019), https://forms-idoc.idaho.gov/WebLink/0/edoc/283204/Access%20to%20Courts%20-%20SOP.pdf (stating that "if feasible, paralegal staff should participate in the search of inmates' legal material") (last accessed May 21, 2026).

Gorringe also argues that the district court erroneously denied his motion to alter and/or amend because the court clerk allegedly did not file the clerk's record. Because we conclude that the clerk's record on appeal was filed in the electronic filing system and made available to the parties, we need not address this issue.

Gorringe argues that, even if the record was filed, the clerk's failure to provide proper notice of that filing violates the notice requirements incorporated by I.R.C.P. 83(q) and I.A.R. 29(b). Because the clerk did not notify Gorringe of filing the record or of the deadlines to file the opening brief, he contends the period for filing his opening brief never began to run.

Intermediate appeals are special proceedings in which the district court exercises appellate jurisdiction and are governed by I.R.C.P. 83. Under I.R.C.P. 83(q), the appellate rules apply to such proceedings only where I.R.C.P. 83 is silent. Although I.A.R. 29(b) requires the Clerk of the Supreme Court to notify the parties of the date of the filing of the record and the corresponding briefing schedule, I.R.C.P. 83(o) provides that appellate briefs in intermediate appeals must be filed and served within the time limits provided by the Idaho Appellate Rules unless the district court orders otherwise. Thus, the deadlines and notice requirements contained in the appellate rules apply to intermediate appeals only when the district court has not established a specific briefing schedule.

Here, the district court entered a scheduling order in July 2023, granting Gorringe thirty-five days from the date of that order or from the filing of the transcript--whichever occurred later--to file his opening brief. That order is relevant to the present matter, as the district court initially dismissed the appeal in November 2023 but subsequently vacated that dismissal in February 2024. In the order withdrawing the dismissal, the district court expressly granted Gorringe an additional forty-five days to file his opening brief, measured from the date the clerk's record was filed. Accordingly, because the district court established its own briefing deadlines pursuant to I.R.C.P. 83, I.A.R. 29(b) (which governs notice and timing of the opening briefs) did not apply. The clerk, therefore, was not required to issue a separate notice of the filing deadline, as the district court had already done so.

We next address the notice of filing of the clerk's record. Pursuant to I.R.C.P. 83(j), upon filing the clerk's record on appeal, the clerk of the trial court "must notify all parties of the filing."

Gorringe contends that the trial court clerk failed to notify Gorringe of the filing of the clerk's record.

The principles underlying the notice of the entry of judgment provide a useful analogy in determining whether the clerk's notice of the filing of the record was sufficient under I.R.C.P. 83(j). Although that rule requires the parties to be notified of the filing of the record on appeal, it does not specify the form or method by which such notice must be given. The Idaho Supreme Court has long recognized that actual or constructive notice of the entry of judgment satisfies notice requirements even in the absence of formal proof of mailing. *See Thompson v. Pike*, 122 Idaho 690, 694-695, 838 P.2d 293, 297-298 (1992) (clarifying that it is actual knowledge of the entry of the judgment that constitutes actual notice); *Dustin v. Beckstrand*, 103 Idaho 780, 786, 654 P.2d 368, 374 (1982) (holding that, because appellants had actual knowledge of the judgment, time for appeal from the judgment had long passed and appeal was untimely); *Swayne v. Otto*, 99 Idaho 271, 272, 580 P.2d 1296, 1297 (1978) (holding that appellant's "constructive notice" of entry of judgment within the time to take appeal prevents a tolling of the filing time limit); *Cline v. Roemer*, 97 Idaho 666, 668, 551 P.2d 621, 623 (1976) (holding that relief was unwarranted where the record showed the movant had actual knowledge of the judgment as evidenced by his motion to set it aside and affidavit acknowledging prior notice).

The same reasoning applies here. The record demonstrates that Gorringe received and reviewed the clerk's record on appeal. The court clerk filed an affidavit confirming that the record was served on Gorringe and Johnson. On March 15, 2024, Gorringe filed an objection to the clerk's record, expressly acknowledging that he had been served with the record on February 13, 2024. In his objection, Gorringe confirmed that he received the clerk's record and identified specific documents that he claimed were omitted from the record between the dates of December 5, 2022, and March 2, 2023. It is difficult to reconcile Gorringe's claim that he had no notice of the record (or that the record was not filed at all) with his confirmed familiarity with its contents and his detailed objection to it.

The clerk's affidavit of service further confirms that the record on appeal was served on both parties in compliance with the district court's order and the Idaho Rules of Civil Procedure. Given that Gorringe received the record and was able to file a substantive objection to its contents, he necessarily had actual and constructive notice of the filing, which is sufficient to satisfy the

notice requirements of I.R.C.P. 83(j). The district court did not err in dismissing Gorringe's intermediate appeal.

**C.      Attorney Fees**

Gorringe requests attorney fees on appeal. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party. Gorringe is not the prevailing party and is therefore not entitled to an award of attorney fees.

**IV.**

**CONCLUSION**

The district court did not err in dismissing Gorringe's intermediate appeal. The district court also did not err in denying Gorringe's motion to alter and/or amend the order dismissing the intermediate appeal. The decision of the district court, on intermediate appeal from the magistrate court, dismissing Gorringe's appeal and the district court's order denying his motion to alter and/or amend order dismissing appeal are affirmed. As he is not the prevailing party, Gorringe is not entitled to attorney fees.

Judge HUSKEY and Judge LORELLO, **CONCUR**.